16598

STATE v. BLASSINGAME

(69 S. E. (2d) 601)

*Mr. C. Yates Brown,* of Spartanburg, *for Appellant.*

*Mr. Samuel R. Watt, Solicitor,* of Spartanburg, *for Respondent.*

March 3, 1952.

Rehearing Denied March 24, 1952.

BAKER, Chief Justice.

The appellant was tried and convicted, without recommendation to mercy, in the Court of General Sessions for Spartanburg County, upon an indictment charging him with the murder of a female child of the age of twenty-seven months. In that the verdict of guilty carried no recommendation to mercy, the trial Judge necessarily sentenced the appellant to die by electrocution. In due time the appellant gave notice of his intention to appeal from the verdict and sentence.

The only issue raised by this appeal is whether the trial Judge erred in refusing to permit counsel for the appellant on his cross-examination of the witness B. B. Brockman, Sheriff of Spartanburg County, to interrogate him as to the past conduct and record of the appellant with reference to his being a sexual pervert. Even so, it is unnecessary that we herein relate any of the sordid and revolting circumstances of the attack made upon this female child by the appellant, resulting in her death within a short space of time, a few hours at most.

When Sheriff Brockman was on the witness stand, counsel for the appellant asked him: "You have in your investigation, Sheriff, and into Blassingame's background, you have found no evidence of his being a sexual pervert, have you?" This question was objected to by the Solicitor on the ground that it would not be relevant, and was not the proper way of putting the reputation of the appellant in issue. The trial Judge at this point inquired of counsel for the appellant what point in issue does it (the answer) tend to prove or disprove. Counsel for appellant then requested that the jury be sent to the jury room, which request was granted. The record then shows considerable argument (in the absence of the jury) on behalf of appellant's counsel and the Solicitor, and inquiries of counsel in the case made by the trial Judge. In argument as to the admissibility of such testimony, it developed that counsel for the appellant was undertaking to elicit from the witness that he had found no evidence that the appellant was a sexual pervert, and counsel for appellant

was denying that appellant was a sexual pervert, and yet counsel stated in the same sentence of his denial, that the evidence in the case "leads to the conclusion that he must be."

The trial Judge excluded any answer the Sheriff might have made to the question propounded to him, and in the following language: "Well, I don't think it bears on and tends to prove or disprove any issue in the case, and I will sustain the objection." During the argument of counsel in the absence of the jury the Solicitor added to his other objections that such testimony would be hearsay.

Later in the trial and while the mother of the deceased who was living with the appellant in adultery was on the witness stand as a witness for the appellant, she was permitted to testify without objection that the appellant in his relations with her had never evidenced any perverted sexual desires; and the appellant testified that he had never been tried for any other offense, except having been placed under a peace bond more than three years before.

We find no error in the refusal of the trial Judge to permit Sheriff Brockman to answer the question asked him. Even if appellant were a sexual pervert it in nowise mitigated the offense for which he was being tried.

Aside from the exception, the record has been carefully searched *in favorem vitae,* but we find no error.

Affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.

Order On Petition For Rehearing

PER CURIAM.

If we construe the argument of the appellant in the light in which he says it was intended, he is met with the legal proposition that he voluntarily placed himself under the influence of a drug, or form of narcotic, and therefore cannot claim this in mitigation of a crime committed while under the influence of such drug or narcotic, all of which was considered before the writing of the opinion. The petition for a rehearing is denied.