## 17720

Charlie KELLY, Appellant, v. W. M. MANNING, Superintendent of
The South Carolina Penitentiary, Respondent

(117 S. E. (2d) 362)

*Charlie Kelly, Appellant,* of Columbia, *in Pro. Per.,*

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Respondent,*

December 6, 1960.

Legge, Justice.

Appellant, an inmate of the State Penitentiary, is serving two life sentences: one imposed in Charleston County on June 14, 1945, following his plea of guilty to a charge of

kidnapping; the other imposed in Richland County on September 19, 1949, as the result, according to his statement, of an agreement between his counsel and the State whereby, upon his plea of guilty to a charge of murder, the jury recommended mercy under the court's instruction. Appearing in his own behalf, he now appeals from two orders of the Honorable James Hugh McFaddin, Presiding Judge of the Fifth Judicial Circuit, both relating to the trial in Richland County, to wit:

1. An order dated November 24, 1959, denying his petition that he be furnished without cost copies of all proceedings in that trial and at the coroner's inquest concerning the death out of which that trial arose; and

2. An order dated December 31, 1959, denying his petition for a writ of habeas corpus.

At the hearing of his petitions before Judge McFaddin, appellant, who was represented by counsel, testified in substance as follows:

In 1943 he and Fred Poole and T. R. Tindall went to a place of business in Richland County to commit robbery, and in the course of the commission or attempted commission of that crime Poole shot and killed one John W. Kelly. Appellant was not actually present when the shooting occurred; he was two blocks away. Poole escaped; was later picked up in Georgia; escaped from jail there; and was finally apprehended in Louisiana in 1949. Appellant was arrested a week or two after the crime, and was released on bond. In 1945 he was indicted in Charleston County for kidnapping, to which he pleaded guilty; and he was thereupon sentenced to imprisonment for life. In 1949, he was taken from the penitentiary to stand trial in Richland County, along with Poole and Tindall, for the murder of John W. Kelly. (It appears from the record here that the indictment, which Judge McFaddin had before him upon the hearing of the petitions, did not charge that appellant had shot John W. Kelly, but charged that he and Tindall

had been "actually and constructively present" and had aided and abetted in the murder committed by Poole.)

We quote appellant's testimony as to what occurred when he was brought to trial in Richland County:

"Well, I was at the penitentiary at the time, and Judge Holman was my lawyer. So we came to court, and the sheriff took me down and put me down in a room downstairs, and I was left in there for an hour or an hour and a half, and I ran up on some liquor down there, and I took that liquor and drank it. When I came in court I was pretty well drunk, so I don't know exactly what they done; and the lawyer said, 'Just go ahead and plead guilty; it doesn't mean nothing. You already have one, and it runs concurrently.' So, I guess, I pled guilty. I don't know. When I got back to the penitentiary I was just about drunk.

"The Court: You drank the liquor voluntarily?

"The Petitioner: I found it down in the room, and naturally I was going to drink it.

"The Court: The question was did you drink it voluntarily. Nobody forced you to drink it?

"The Petitioner: No, sir; nobody forced me to drink it."

We find no error in Judge McFaddin's denial of appellant's petitions. By his own testimony it is apparent that the record in the Court of General Sessions for Richland County pertaining to his indictment, plea of guilty, and sentence could furnish no basis for the issuance of the writ of habeas corpus. And he has made no showing from which it might reasonably be inferred that a copy of the proceedings at the coroner's inquest would aid him in seeking the writ.

Appellant's testimony just quoted suggests no reason for the issuance of the writ other than that he was drunk, and voluntarily so, when he pleaded guilty. In making that plea he was represented by the late A. W. Holman, Esq., an able, experienced and respected member of the Richland County Bar. No appeal was taken from his sentence; no motion for

new trial was made; and more than ten years elapsed before the petitions now under review were filed in his behalf. If in fact he was drunk when he entered his plea, he has shown no excuse for his failure to make that contention before now. *Williams v. Inabinet,* 1 Bailey 343, 17 S. C. L. 343; *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716; *Hamilton v. Palmetto Properties, Inc.,* S. C., 116 S. E. (2d) 12.

Appellant also testified that when he was arrested, in 1943, he and Tindall were "grilled" by the police officers, without opportunity to confer with counsel, from four o'clock one afternoon until daybreak of the next morning, when Tindall finally "copped out"; and that he (appellant) agreed, under such compulsion, to confess to the crime of conspiracy to commit robbery. Six years later, when he pleaded guilty, he made no such contention. He now argues, although he did not so allege in his petition and did not so testify, that his counsel at the time of his plea had been employed not by him but by Sheriff T. A. Heise of Richland County, and that together they deliberately placed intoxicating liquor within his reach so that he would become drunk and plead guilty to a crime of which he was innocent. Such argument we reject because: (a) it was not presented before Judge McFaddin; (b) it is wholly lacking in evidentiary support; and (c) it comes too late when made more than ten years after the plea and sentence, and long after the death of Sheriff Heise and that of appellant's counsel.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER, and Moss, JJ., concur.