17874

Jack SHELTON, Appellant, v. The STATE of South Carolina and W. M. Manning, Superintendent, South Carolina State Penitentiary, Respondents.

(123 S. E. (2d) 867)

536

*Jack Shelton, Appellant, Pro Se,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *William L. Pope, Assistant Attorney General,* of Columbia, *for Respondents,*

February 12, 1962.

TAYLOR, Chief Justice.

Appellant, without benefit of counsel, entered a plea of guilty to assault of a high and aggravated nature in the Court of General Sessions for York County, on the 10th day of September, 1958, and was sentenced to six years imprisonment. On December 28, 1959, Appellant filed a petition for a Writ of *Habeas Corpus* and a hearing was held pursuant thereto, by the Honorable George T. Gregory, Jr., Resident Judge of the Sixth Judicial Circuit. An Order was filed denying this petition on February 4, 1960. Subsequently, Appellant filed notice of intention to appeal to the Supreme Court of South Carolina and also filed a petition in the Federal District Court of South Carolina. Upon denial of his petition in the District Court, Appellant appealed to the Fourth Circuit Court of Appeals. An Opinion was rendered by that Court on January 10, 1961, affirming the Order of the District Court on the grounds that Appellant had not exhausted his remedies in the State Courts. On February 20, 1961, Appellant filed a second petition for Writ of *Habeas Corpus* in the Circuit Court. On March 10, 1961, a hearing was held by Judge Gregory on the second petition, resulting in an Order, dated April 8, 1961, denying this petition; and it is from this Order that petitioner now appeals, contending, first, that the sentence he is now serving is invalid in that he was not represented by counsel at the time he pleaded guilty to the charge of assault of a high and aggravated nature.

· There is no Statute in South Carolina requiring that ■■ counsel be appointed to represent one charged with the commission of a crime except where the charge is a capital offense, Section 17-507, Code of Laws of South Carolina, 1952, as amended. *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873. The Due Process clause of the Fourteenth Amendment of the Constitution of the United States requires counsel be appointed to represent a defendant in noncapital cases in State Courts where the circumstances of the particular case are such that the furtherance of justice would be defeated, and the question of whether counsel should be appointed in such case depends upon the totality of the facts of the case as to whether there has been a denial of fundamental fairness, *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

Appellant was charged with the crime of assault and ■■ battery with intent to kill. He pleaded guilty, however, to the lesser offense of assault of a high and aggravated nature. Approximately one year before the commission of the crime for which he is now serving sentence, Appellant pleaded guilty to a similar charge and was, therefore, not inexperienced in such matters. In instant case, when confronted with the charge of assault and battery with intent to kill, he refused to plead guilty to such charge but agreed to plead guilty to the lesser charge of assault of a high and aggravated nature. Appellant contends that he was at the time under the influence of intoxicants and therefore was mentally deranged. He also introduced a discharge certificate from a hospital in Seattle, Washington, where he had been a patient some years prior to this occasion. Upon being questioned further, he testified that he pleaded guilty ten days after being arrested and admitted that he was sober at the time of the entering of the guilty plea but contended he was nervous. Voluntary intoxication at the time of the commission of a crime will not invalidate a subsequent plea of guilty, *State v. Bundy,* 24 S. C. 439; *State v. Blassingame,* 221 S. C. 169, 69 S. E. (2d) 601; *Kelly v. Manning,* 237

S. C. 364, 117 S. E. (2d) 362. The solicitor and police officers testified at the time of hearing that Appellant appeared to be in complete control of his faculties, and there was no indication of any mental derangement. He certainly was in control of his faculties sufficient to refuse to plead guilty to the charge of assault and battery with intent to kill but pleaded guilty to the lesser offense of assault of a high and aggravated nature. He at no time requested that counsel be appointed, and there is no showing that he at any time was unfairly treated.

Appellant next contends that no arrest warrant was ■ served and therefore his sentence is invalid. The arrest warrant is not in the record, but the arresting officer testified he personally typed the warrant and that it had been explained to the Appellant. After the crime had been committed, Appellant called police and voluntarily surrendered to them, stating what he had done. The next day he signed a statement admitting his guilt and at no time has he denied committing the offense charged. The question concerning the issuance of a warrant was not raised at any time during the hearing and was only raised in his petition for a Writ of *Habeas Corpus*. After submitting to the jurisdiction of the Court and pleading guilty to the indictment, objection to jurisdiction comes too late, 22 C. J. S., Criminal Law, § 162; *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854; *State v. Orr,* 225 S. C. 369, 82 S. E. (2d) 523.

Appellant next contends error in that he was not ■ given a preliminary hearing, Section 43-232, Code of Laws of South Carolina, 1952, makes provision for such hearing if demand is made in writing. No such demand was made and Appellant cannot now complain. *State v. Irby,* 166 S. C. 430, 164 S. E. 912.

Appellant further contends he was tricked into entering the guilty plea and that the crime charged was represented to him as being a misdemeanor and that sentence would be approximately three to nine months. The

police officers deny discussing with Appellant the amount of sentence that could be imposed; and even had they done so, their statements would not be binding upon the presiding judge. If they had, however, and the sentence was more than the officers had led Appellant to believe it would be, he could have so stated at the time. Instead he made the casual remark that "the Judge popped him a pretty good lick." He does not charge the solicitor or the presiding judge with misleading him in any way. He testified that he was prevented from reading the indictment but his refusal to plead to the charge of assault and battery with intent to kill as set forth in the indictment is evidence that he was familiar with its contents.

Appellant appears to complain principally about the severity of the sentence in that it is greater than the one he received previously on the same charge and that it carried the same penalty under the Statute as the charge of assault and battery with intent to kill. It might conceivably be that the sentencing judge in his discretion took into consideration the fact that this was Appellant's second offense. The six year sentence was imposed pursuant to Section 17-553, Code of Laws of South Carolina, 1952; and being within the limits of its provisions, this Court has no jurisdiction to change the sentence. *State v. King,* 222 S. C. 108, 71 S. E. (2d) 793; *State v. Fleming,* 228 S. C. 129, 89 S. E. (2d) 104; *State v. Hollman, supra; State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591. Appellant had the burden of sustaining his allegations by a preponderance of the evidence, *Walker v. Johnston,* 312 U. S. 275, 61 S. Ct. 574, 85 L. Ed. 830, which he has failed to do as the record before us is completely devoid of any showing that the plea was other than freely and voluntarily made. *Kelly v. Manning, supra.*

Appellant further contends that he was prejudiced in that the trial judge was permitted to read the indictment charging him with the crime of assault and battery with intent to kill, whereas he entered a plea of

guilty to the lesser offense of assault of a high and aggravated nature. It was the trial judge's duty to read the indictment in order that he might inform himself of the matter before him and no prejudice thereby inured to petitioner. *State v. McIntire et al.,* 221 S. C. 504, 71 S. E. (2d) 410.

For the foregoing reasons we are of opinion that all exceptions to the Order appealed from should be dismissed and the Order affirmed; and IT IS SO ORDERED.

Affirmed.

LEGGE, Moss and LEWIS, JJ., concur.