17946

Bennie G. PITT, Appellant, v. STATE of South Carolina and W. M. Manning, Superintendent, South Carolina State Penitentiary, Respondents.

(126 S. E. (2d) 579)

*Bennie G. Pitt, Appellant, Pro Se,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *Travis Medlock, Assistant Attorney General,* of Columbia, *for Respondents,*

July 24, 1962.

LEWIS, Justice.

The appellant was tried on May 30, 1961, in the Court of General Sessions at Charleston, South Carolina, without the assistance of counsel, and convicted of the offense of armed robbery. A sentence of fifteen (15) years was imposed, which he is now serving in the South Carolina State Penitentiary. No appeal was taken from his conviction, but appellant filed with the lower Court on December 16, 1961, a petition for a writ of *habeas corpus,* alleging that his present detention and restraint under the aforesaid sentence is unlawful and in violation of his constitutional rights under both the State and Federal Constitutions, and that he is entitled to be released from custody. The lower Court, after a hearing, issued an order denying the relief sought, and the matter is here on appeal from such order.

The petition of the appellant attacked his conviction nad present detention on several grounds, but the only question for determination in this appeal is whether or not the sentence imposed on appellant is invalid because he was not represented by counsel.

It is admitted that appellant was not represented by counsel at his trial and that armed robbery is a non-capital offense.

There is no statutory requirement in this State that counsel be appointed to represent one charged with the commission of a non-capital offense. Section 17-

507, 1952 Code of Laws of South Carolina; *Shelton v. State of South Carolina,* 239 S. C. 535, 123 S. E. (2d) 867; nor any requirement arising under the Constitution of the United States that one charged with such an offense in State court who is unable to procure counsel, must be furnished counsel by the State in every case, whatever the circumstances, but the due process clause of the Fourteenth Amendment to the United States Constittuion does require that counsel be appointed to represent a defendant in a non-capital case in the State courts where the circumstances of the particular case are such that the furtherance of justice would be defeated if counsel were not provided. *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595; *Shelton v. State of South Carolina, supra,* 239 S. C. 535, 123 S. E. (2d) 867.

The right to counsel may, however, be waived by a defendant, if intelligently and understandingly done. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; *Moore v. Michigan,* 355 U. S. 155, 78 S. Ct. 191, 2 L. Ed. (2d) 167; *Carnley v. Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. (2d) 70.

The record here shows that the defendant was approximately 30 years of age and had attended grammar school "to the fifth grade" and had, after his discharge from military service, attended high school for one year under the Federal educational program available to veterans. He had travelled extensively throughout the United States, was a man of varied experience and above average intelligence. He had served approximately three years in the United States Army and had held several responsible jobs, some of them with the United States Government. It was shown that he had been previously convicted of a minor criminal offense in the State of Florida.

On April 9, 1961 the appellant was arrested and charged with the crime of armed robbery. He was tried on May 30, 1961. During the period between his arrest and trial, he was confined in jail. It was admitted that, while in jail, he made

a request of the law enforcement officials for permission to make a telephone call to his father, who lived in Philadelphia, Pennsylvania, for the purpose of obtaining his father's assistance in procuring counsel to represent him. This privilege was not granted. He did write to his father, but received no reply to his letter before trial.

When the appellant appeared for trial, he informed the court that he had been unable to obtain an attorney to assist in his defense and had been refused permission to make a long distance call to his father in his efforts to obtain counsel. Upon receiving this information, the trial judge immediately informed the appellant that the case would be continued until the following term of court, in September, so as to enable him to procure counsel. The appellant, however, stated to the court that he preferred going ahead with the trial at that time and elected to go to trial without counsel.

The record clearly shows that appellant was not illiterate, was above average intelligence, understood his rights, was given the opportunity to procure an attorney and, without coercion, chose to go to trial without the aid of counsel. When the trial was over and just before sentencing, the appellant stated to the trial judge, "I believe I had a fair trial."

Under the foregoing facts and circumstances, the appellant intelligently, understandingly and effectively waived any right that he may have had to the assistance of counsel, and the lower Court properly dismissed his petition.

Affirmed.

TAYLOR, C. J., and MOSS and BRAILSFORD, JJ., concur.

BUSSEY, J., disqualified.