**STATE OF LOUISIANA ex rel. James BYRNES, Petitioner,**

v.

**Victor G. WALKER, Warden, Louisiana State Penitentiary.**

No. 674.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
May 10, 1963.

Edward Donald Moseley, Baton Rouge, La., appointed by the Court, for petitioner.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, and Scallan Walsh, Asst. Atty. Gen., Baton Rouge, La., for defendant.

WEST, District Judge.

Petitioner, James Byrnes, was charged in a Louisiana State Court with having committed the crime of simple burglary. He ultimately pleaded guilty and was sentenced to serve six years in the Louisiana State Penitentiary. He now applies to this Court for the issuance of a writ of habeas corpus, contending that he has been, and is being denied the constitutional rights guaranteed him by the Fourteenth Amendment to the United States Constitution in that (1) he was illegally arrested and imprisoned without a warrant and without just cause, and (2) he was arraigned, convicted, sentenced and imprisoned without the aid or assistance of counsel, and (3) he was imprisoned and held in jail an unreasonably long time prior to arraignment and before any charges were filed against him.

Upon receipt of the application this Court issued an order appointing Edward Donald Moseley, Esquire, as attorney to represent petitioner herein, and directed respondents to show cause, if any they could, why this writ of habeas corpus should not issue. Respondents then filed what amounted to a general denial of petitioner's allegations, and, at the appointed time, the Court heard oral arguments of counsel for both sides. After due consideration of the entire record in this case, and after hearing and considering the arguments of counsel, the Court is convinced beyond a question of doubt that petitioner's constitutional rights have indeed been violated, and that the writ of habeas corpus prayed for should be granted. The Court's Findings of Fact and Conclusions of Law herein are as follows.

Petitioner was arrested, without a warrant, on suspicion of simple burglary on October 29, 1960. This arrest was made by the police of the City of Monroe, Parish of Ouachita, State of Louisiana, and on November 1, 1960, he was removed to the Morehouse Parish jail at Bastrop, Louisiana. He was held, practically incommunicado, in this jail for three months and twenty days, or until February 21, 1961, before he was arraigned or allowed any court appearance whatsoever. During all of this time he was without the benefit of legal counsel. He was also held in jail for over two and one-half months, or until January 23, 1961, before any formal charge was even filed against him. It is further significant to note that the formal charges were not filed against petitioner until January 23, 1961, which happened to be the same day on which an alleged confession was obtained from the petitioner by a deputy sheriff of Morehouse Parish. On February 21, 1961, three months and twenty days after his arrest and incarceration, petitioner was formally arraigned before Honorable D. I. Garrett, Judge of the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana. There is no showing that he had ever been presented with a copy of the bill of information prior to his arraignment, and he contends that he had never been informed of the exact charges against him prior to arraignment.

When arraigned, he pleaded guilty, waived delay for sentencing, and was sentenced to serve six years in the State Penitentiary. At no time from the date of his arrest to the date of sentencing was petitioner represented by counsel, and at no time was he advised by the Court of his right to such representation. The minutes of the court proceedings make no mention of his being advised of his right to counsel, nor do they mention any waiver by petitioner of his right to be represented by counsel.

Petitioner, after being sentenced and incarcerated at the State Penitentiary at Angola, Louisiana, filed an application with the Twentieth Judicial District Court for the Parish of West Feliciana, Louisiana, for the issuance of a writ of habeas corpus. This was denied, without hearing. Petitioner was still not

represented by counsel. As a matter of fact, the denial of his application was contained in a letter written by the Clerk of Court, dated June 6, 1961, addressed to petitioner, simply stating that the Judge had denied the application because "he finds no basis of law in your petition on which to grant said application". Petitioner then applied directly to the Louisiana Supreme Court for the issuance of a writ of habeas corpus, which application was also summarily denied on June 22, 1961, with the notation, signed by all of the Justices of that Court, that "the showing made in the application does not justify the relief sought". No hearing on this application was held. Petitioner was still without the benefit of counsel.

Petitioner then applied directly to the Supreme Court of the United States for a writ of certiorari, and on April 23, 1962, that Court granted petitioner's request to proceed in forma pauperis, granted the writ of certiorari, vacated the judgment, and remanded the case to the Louisiana Supreme Court *for hearing*. The Louisiana Supreme Court in turn transferred the matter back to the Twentieth Judicial District Court at St. Francisville, Louisiana. In the meantime, petitioner had filed a motion with the State Supreme Court requesting the appointment of an attorney to represent him, and on June 1, 1962, the Clerk of the Louisiana Supreme Court advised petitioner by letter that he was returning his motion for appointment of counsel to him as "this matter should be taken up with the District Court".

Then, on June 12, 1962, the Judge of the Twentieth Judicial District Court, State of Louisiana, notified petitioner by letter that "no habeas corpus proceeding will issue from this Court." There was still no hearing held in this matter in spite of the mandate from the United States Supreme Court, and petitioner was still without legal counsel. The letter received by the petitioner from the Judge of the Twentieth Judicial District Court, State of Louisiana, reads as follows:

"June 12, 1962

"James Byrnes
"LSP 54355
"Angola, Louisiana
 "RE: Yourself vs. V. G. Walker, Warden
"Dear Mr. Byrnes,

"Mrs. Shirley Winston, Clerk of Court has referred to me your letter of the 4th along with numerous subpoenas for witnesses and a motion for forma pauperis.

"I have reviewed your original application to this Court and all enclosures and find that no valid grounds at law are shown for granting a habeas corpus proceeding from this Court. Your contentions are that you were denied the use of phone, visits from friends and relatives, denied the opportunity to consult with counsel, and held in jail for 110 days prior to arraignment all going to the denial to you of your Constitutional rights.

"The decision of this Court is based on the law alone as contained in R.S. 15:116 et sec. It is true that while held in jail a writ of habeas corpus would have been proper to make the sheriff produce an affadavit of charges and the setting of a bond, such is not the case presented to this Court. You are directly attacking the authority of the Warden of the Penitentiary to keep you imprisoned. From the record of your sentence by which you are being confined, and which is in your record, on arraignment you entered a plea of guilty and waived the 24 hour delay before sentencing. There is no showing that you professed your innocence, prayed the Judge of the sentencing court for legal consel and same must now be held to have been waived. R.S. 15:137 specifically enumerates the 7 grounds for restoration of liberty by habeas corpus and you neither make such a showing nor give

any grounds by which this court could grant you liberty or bail. This letter will serve as notice that no habeas corpus proceeding will issue from this Court.

"A copy of this letter along with all of your enclosures will be filed with the Clerk of Court at St. Francisville, Louisiana.

"Very truly yours,

"/s/ John R. Rarick

"JUDGE"

Petitioner then filed his application for the issuance of a writ of habeas corpus directly with the United States Supreme Court, which Court, by order dated December 7, 1962, transferred the matter to this Court "for hearing and determination". The record was received by this Court on March 6, 1963, and immediately thereafter, this Court appointed counsel to represent petitioner and set the matter for hearing.

There was no necessity for this Court to hear evidence in this case because the record itself, together with the oral arguments of counsel, make it abundantly clear that this petitioner is entitled to the relief sought.

Louisiana law provides:

"When any person shall have been arrested without a warrant, the peace officer, after he shall have caused him to be booked, shall bring him, without unnecessary delay, if the charge be such as to entitle the accused to a preliminary examination, before the judge having authority to sit as a committing magistrate in the case, otherwise, before the judge having trial jurisdiction thereof." LSA–Revised Statutes 15:80.

"As soon as the person arrested without a warrant shall have been brought before the judge, the judge shall, unless an affidavit be then made setting forth the charge against the prisoner, order him forthwith to be discharged from custody." Louisiana Revised Statutes 15:81.

As previously stated, petitioner was arrested on October 29, 1960, and committed to jail where he was held until January 23, 1961, before being charged with any crime whatsoever. Then, even after the charge was filed, the judge failed to fix the bond upon which petitioner might be released, and as a matter of fact, the bill of information filed against petitioner on January 23, 1961, and upon which he was held subsequent to that date, not only failed to fix the amount of bail bond but was never even signed by the judge as required by LSA–Revised Statutes 15:82.

The only explanation advanced for holding petitioner in jail from October 29, 1960 until February 23, 1961, before arraignment was given by the Assistant District Attorney, Joe Rolfe White, whose affidavit appears in the record. He states that "it would have served no useful purpose to either Byrnes or to the State of Louisiana" to arraign petitioner sooner because he could not have been tried before the April, 1961, jury term anyway. He further states in his affidavit that "according to the custom in Morehouse Parish, Louisiana, the District Judge would not have appointed an attorney to represent James Byrnes several months prior to the trial date, and, consequently, nothing would have been gained by arraigning him sooner".

 This explanation is nothing short of ridiculous. The matter of arraignment is not governed by custom. It is governed by law, and the law is clear. Under Louisiana law a person arrested without a warrant is entitled to be charged and arraigned without unnecessary delay. A two and one-half months delay before filing a charge, and a three and one-half months delay before arraignment is indefensible. Furthermore, it seems more than passing strange that the alleged confession was obtained two and one-half months after petitioner's initial confinement, and then, on the same day, a charge was filed against him in accordance with this confession.

 But even more serious than this is the failure of the trial court to ad-

vise petitioner of his right to be represented by counsel, and the failure of that court to appoint counsel to represent him. The mere fact that petitioner did not specifically request counsel cannot be construed as a waiver of the right to be represented by counsel. Before the defendant can be said to have waived his right to counsel it must clearly appear from the record that he was offered the assistance of counsel and that he intelligently and understandingly rejected the offer. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Furthermore, where a defendant had never been informed of his right to counsel and had never been offered legal counsel, his plea of guilty cannot be considered as a waiver of his right to counsel. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.

■ In the very recent case of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), 9 L.Ed.2d 799, the question of the right of an indigent defendant charged with a crime to have counsel furnished by the State has been laid to rest. In specifically overruling the earlier case of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, the Court observed that "The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours." The Court held, in Gideon, that, the appointment of counsel to represent an indigent criminal defendant being a fundamental right essential to fair trial, the Sixth Amendment's guarantee of counsel for indigent federal defendants is made obligatory upon the States by the Fourteenth Amendment. But in the present case, even under the holding of Betts, an "appraisal of the totality of facts" would clearly support the holding that this petitioner, in this case, was deprived of the Due Process of Law guaranteed by the Fourteenth Amendment. It is safe to assume that this petitioner would not have been proceeded against in such an irregular fashion had he been properly represented by competent counsel during the various stages of his incarceration, arraignment and sentencing. This case cries loudly for the application of the doctrine set forth in Gideon v. Wainwright, supra. The right of one charged with crime to be represented by competent legal counsel is fundamental and essential to fair trial and is a right guaranteed to an indigent defendant, and made obligatory upon the States by the Fourteenth Amendment.

It is the opinion of this Court that petitioner has been denied his constitutional rights as indicated herein, and that the writ of habeas corpus should issue as prayed for.

Decree accordingly.