22225. BALKCOM, Warden v. SHORES.

Argued October 14, 1963—Decided November 7, 1963.

*Eugene Cook, Attorney General, Howard P. Wallace, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General*, for plaintiff in error.

*Clyde Shores*, pro se.

GRICE, Justice. This is a review of a judgment in a habeas corpus proceeding discharging a prisoner from custody on the ground that he was denied the right of counsel and, therefore, due process of law under the Fourteenth Amendment of the Federal Constitution.

The prisoner, Clyde Shores, filed in the City Court of Reidsville a petition against R. P. Balkcom, Jr., warden of the Georgia State Prison, alleging, insofar as material here, that he was being illegally detained under a sentence for escape which had been imposed by the Superior Court of Pike County. He asserted that the sentence was void in several particulars, but only that as to denial of the right to counsel was insisted upon at the hearing. The respondent warden denied all contentions as to invalidity of the sentence and the resulting confinement. After a hearing, the trial court declared the sentence void because the prisoner did not have legal counsel when the sentence was imposed, and ordered his discharge.

What transpired at the habeas corpus hearing, insofar as relevant to the imposition of the sentence here involved, was as follows:

The prisoner testified that upon the trial for escape, the solicitor general had asked him how he wanted to plead and he had replied, "not guilty," but that he "did not have a lawyer and the judge kept on talking until I went ahead and entered a plea of guilty. I did not want to do so."

The solicitor general testified by affidavit, without objection, that in the sentencing the prisoner "did not request counsel and was not represented by an attorney, he not having requested an attorney, and having entered a plea of guilty, freely and voluntarily." He testified further that the prisoner "was fully informed of his constitutional rights in said matter before plea and sentence and was in no way deprived of the same." This testimony of the solicitor general was in no way disputed.

The foregoing evidence presents this question: Does the mere fact that a person charged with a felony is without legal counsel when sentence is imposed render the sentence void as a denial of due process and cause the resulting confinement to be illegal?

Our view is that it does not. Being without counsel is not necessarily synonymous with denial of counsel.

Denial of counsel is not shown where it does *not* appear that a defendant "was unable to employ counsel or that he desired or made any request for counsel or that the court declined to appoint counsel to represent him." *Bradford v. Mills,* 208 Ga. 198 (66 SE2d 58). See also *Clarke v. Cobb,* 195 Ga. 633 (24 SE2d 782); *White v. Grimes,* 216 Ga. 335 (116 SE2d 561).

Due process does not require forcing counsel upon a defendant. Nothing was decided to the contrary in the recent decision in Gideon v. Wainwright, 372 US 335 (83 SC 792, 9 LE2d 799), where the defendant, being without funds, asked the court to appoint counsel and was refused.

Here, the petitioner did not ask for counsel and was not refused counsel. There was no showing that he was unable financially or otherwise to obtain counsel or that he was not mature and normal. Before freely and voluntarily entering his plea of guilty he was fully informed of his constitutional rights.

For these reasons we deem the trial court's judgment to be without evidence to support it, and it is

*Reversed. All the Justices concur.*