18279

Bennie G. PITT, Appellant, v. Ellis C. MacDOUGALL, Director, Department of Corrections, State of South Carolina, *et al.*, Respondents.

(138 S. E. (2d) 840)

*Harold W. Jacobs, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

*Harold W. Jacobs, Esq.,* of Columbia, *for Appellant,*

November 11, 1964.

Moss, Justice.

Bennie G. Pitt, the appellant herein, on April 9, 1961, was arrested in Charleston, South Carolina, and charged with the crime of armed rebbery. He was tried and convicted upon said charge on May 30, 1961, in the Court of General Sessions for Charleston County, without the assistance of counsel, and sentenced to imprisonment for a term of fifteen years, which he is now serving in the South Carolina State Penitentiary. There was no appeal taken from the aforesaid conviction and sentence.

However, on December 16, 1961, the appellant filed a petition for a writ of *habeas corpus,* alleging that his detention and restraint under the aforesaid sentence was unlawful and in violation of his constitutional rights guaranteed under both the State and Federal Constitutions. He alleged a denial of due process as a result of being tried without the benefit of counsel, and because thereof he was entitled to be released from custody. The lower Court, after a hearing, issued an order denying the relief sought. An appeal to this Court followed and such was dismissed. *Pitt v. State,* 240 S. C. 557, 126 S. E. (2d) 579. In dismissing the aforesaid appeal, we recited the following facts:

"During the period between his arrest and trial, he was confined in jail. It was admitted that, while in jail, he made a request of the law enforcement officials for permission to make a telephone call to his father, who lived in Philadelphia, Pennsylvania, for the purpose of obtaining his father's assistance in procuring counsel to represent him. This privilege was not granted. He did write to his father, but received no reply to his letter before trial.

"When the appellant appeared for trial, he informed the court that he had been unable to obtain an attorney to assist in his defense and had been refused permission to make a long distance call to his father in his efforts to obtain counsel. Upon receiving this information, the trial judge

immediately informed the appellant that the case would be continued until the following term of court, in September, so as to enable him to procure counsel. The appellant, however, stated to the court that he preferred going ahead with the trial at that time and elected to go to trial without counsel.

"The record clearly shows that appellant was not illiterate, was above average intelligence, understood his rights, was given the opportunity to procure an attorney and, without coercion, chose to go to trial without the aid of counsel."

We concluded that the appellant intelligently, understandingly and effectively waived any right that he may have had to the assistance of counsel and for such reason the lower Court properly dismissed the appellant's petition for a writ of *heabeas corpus*. In so doing, we said:

"There is no statutory requirement in this State that counsel be appointed to represent one charged with the commission of a non-capital offense, Section 17-507, 1952 Code of Laws of South Carolina; *Shelton v. State of South Carolina*, 239 S. C. 535, 123 S. E. (2d) 867; nor any requirement arising under the Constitution of the United States that one charged with such an offense in State court who is unable to procure counsel, must be furnished counsel by the State in every case, whatever the circumstances, but the due process clause of the Fourteenth Amendment to the United States Constitution does require that counsel be appointed to represent a defendant in a non-capital case in the State courts where the circumstances of the particular case are such that the furtherance of justice would be defeated if counsel were not provided. *Betts v. Brady*, 316 U. S. 455, 62 S. Ct. 1252, 82 L. Ed. 1595; *Shelton v. State of South Carolina, supra*, 239 S. C. 535, 123 S. E. (2d) 867."

The landmark case of *Betts v. Brady*, cited in our opinion, holding that the due process clause of the Fourteenth Amendment does not confer on an in-

digent person charged with crime in a State court an absolute right, independent of the circumstances, to have counsel appointed for him was overruled in *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799, 93 A. L. R. (2d) 733, holding that the Fourteenth Amendment makes obligatory on the States the provision of the Sixth Amendment that in all criminal proscutions the accused shall enjoy the right to have the assistance of counsel for his defense. The now recognized constitutional requirement that counsel be appointed for indigent criminal defendants in State cases applies in non-capital cases as well as in capital cases.

We should point out that our decision was rendered on July 24, 1962 and, thereafter, the *Gideon case* was decided on March 18, 1963.

The appellant, again in his own behalf, on April 1, 1963, filed a petition for a writ of *habeas corpus,* in which it was alleged that he had been denied due process by the failure of the court to furnish him counsel at his trial. This petition was denied without a hearing by the lower Court by an order dated April 11, 1963. There was no appeal from this order.

The appellant, on September 21, 1963, filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of South Carolina, asserting once again that he had been denied due process by the failure of the State to furnish him counsel at his trial. The District Court issued a writ of *habeas corpus* and appointed counsel to represent the appellant, and a hearing on this petition was held before the Honorable J. Robert Martin, Jr., United States District Judge. Judge Martin issued an order on March 2, 1964, holding that the appellant was tried without counsel and without the court having offered to appoint counsel for him. He further directed that the appellant be released from custody should the State of South Carolina fail to afford him a new trial within a reasonable time.

Thereafter, the State of South Carolina made a motion for a new hearing in the United States District Court on the ground that the appellant had failed to exhaust the remedies available to him in the Courts of South Carolina. Upon hearing argument on this motion, Judge Martin issued his order dated March 17, 1964, rescinding his previous order and denying the appellant's writ as premature, with leave to the appellant to renew his petition upon the exhaustion of the remedies available to him in the Courts of South Carolina. It was the position of the State that the Courts of South Carolina should be given the opportunity to pass on the question raised by the appellant in the light of the *Gideon case.*

The appellant, with the aid of court appointed counsel, on March 25, 1964, petitioned the Court of Common Pleas for Richland County for a writ of *habeas corpus,* asserting the denial of due process by reason of having been tried for armed robbery, a felony, without being represented by counsel. He asserts that at the time he was indigent and the court did not appoint counsel to represent him, and that he did not intelligently, understandingly and effectively waive any right that he may have had to the assistance of counsel. The appellant asserts that his conviction and sentence should be set aside and his case remanded to the lower Court for a new trial. A hearing was held on this petition before the Honorable John Grimball, Resident Judge of the Fifth Circuit, who issued his order of April 19, 1964, denying the appellant's application for relief and finding that he had waived his right to court appointed counsel. This appeal followed.

The first question presented for determination is whether the lower Court erred in failing to hold as a matter of law that the appellant was indigent rather than refusing to rule on the question. The trial Judge, in denying the appellant's petition for a writ of *habeas corpus,* held that "this Court is not ruling on the question as to whether or not the petitioner was indigent." It becomes unnecessary for us to

determine whether there was error on the part of the trial Judge in so ruling, in view of the statement in the respondents' brief that "the State concedes that the appellant was indigent at the time of his trial." The State also concedes that the rule announced in the *Gideon case* has retrospective application. It has been so held in the cases of *Yeager v. Director of the Department of Welfare and Institutions,* 4 Cir., 319 F. (2d) 771; *Craig v. Myers,* 3 Cir., 329 F. (2d) 856, and *Durocher v. LaValle,* 2 Cir., 330 F. (2d) 303.

The only other question for determination is whether the appellant intelligently, understandingly and effectively waived his right to the assistance of court appointed counsel.

Where the denial of the constitutional right to the assistance of counsel is asserted, it becomes our duty to make a careful examination of the record to determine whether a person charged with crime, here a felony, did, in fact, intelligently, understandingly and effectively waive his right to the assistance of court appointed counsel. The State contends that the record shows that the appellant waived his right to counsel and for such position our attention is directed to the record. When the appellant appeared for trial, the Court inquired of him if he had a lawyer, and when a negative response was given to this question, he was asked if he had made any effort to contact or employ a lawyer. The appellant then stated that he had been unable to obtain an attorney to assist him in his defense because he had been refused permission, by prison officials, to contact his father by long distance telephone call in his effort to obtain counsel. The appellant did write his father a letter but received no reply thereto. At this point the following colloquy took place:

"The Court: Mr. Solicitor, I think you had better continue this case until September and give the man an opportunity to contact his family and make effort to obtain counsel, sir.

\* \* \*

"Clerk Fleming: Your Honor, the Defendant has just told me that if it's just the same with you, he'd rather have a trial today and get through with it, sir. He's written his father and got no reply.

"The Court: I'm prepared to continue your case for you—that's the reason I asked you the question. I mean—you come in and make the contention here that you were not allowed to make this long distance telephone call and give that as an explanation or the reason you've got no counsel.

"Pitt: Well, I thought I could explain to my father better if I made a phone call to him but since I don't have a lawyer and didn't make a phone call, if it's all right with you, sir, I'd just as soon go through with the trial today.

"The Court: All right—if you're willing to go to trial, if you're ready, the Court will proceed to try you but at the same time, I want you to clearly understand that in view of what you have said here, that the Court would continue your case to the September term if you, yourself, think that you've got any reasonable chance of getting some help through your father or anyone else to obtain counsel for you.

"Pitt: Thank you.

"The Court: But you elect to go to trial without counsel?

"Pitt: Yes, sir."

It is clear from the foregoing record that the appellant waived his right to secure counsel of his own choice. It is equally clear that the trial Judge did not advise the appellant of his right to have the court appoint counsel to assist him in the trial of his case nor does the record show that the appellant made any request that the court appoint counsel for him.

An accused in a State prosecution may waive his right under the Fourteenth Amendment to be represented by counsel, provided such waiver is intelligently and understandingly made. On the other hand, an accused's failure to request the assistance of counsel is not a waiver of his constitutional right to the assistance of counsel and it may

not be presumed from a silent record that he intelligently and understandingly waived his constitutional right to the assistance of counsel. *Carnley v. Cochran,* 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. (2d) 70. In the cited case it was said:

"The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

In the case of *Blake v. State,* 109 Ga. App. 636, 137 S. E. (2d) 49, it is said:

"* * * To indigent defendants counsel must be provided by the State unless the defendant understandably, intelligently, and competently waives the right; the right can not be waived unless an offer of counsel has been made. *Carnley v. Cochran,* 369 U. S. 506, 516, 82 S. Ct. 884, 8 L. Ed. (2d) 70; *Lee v. United States,* 322 F. (2d) 770, 777 (5th Cir. 1963); *Louisiana v. Walker,* 217 F. Supp. 168, 172 (E. D. La. 1963); *Balkcom v. Shores,* 219 Ga. 429, 134 S. E. (2d) 3; *King v. State,* Fla. App., 157 So. (2d) 440; *In re Garofone,* 80 N. J. Super. 259, 193 A. (2d) 398, 410."

The record here is barren of any showing that the appellant was advised by the trial Judge of his right to court appointed counsel. It follows that the right to such counsel could not be waived unless such an offer had been made.

We conclude that the appellant's constitutional rights, as such are defined in the above cited authorities, were not afforded him at his trial held on May 30, 1961, in the Court of General Sessions for Charleston County. The verdict of guilty and the judgment of imprisonment thereon are, therefore, set aside and a new trial is ordered.

Reversed and remanded.

TAYLOR, C. J., and LEWIS and BRAILSFORD, JJ., concur.

BUSSEY, J., disqualified.