## 52628. GETER et al. v. THE STATE.

CLARK, Judge.

Appellants Geter and Foster attack the validity of their pleas of guilty entered without counsel. Their contention is that they were not fully advised as to their right to counsel in that the court failed to advise them an attorney would be appointed to represent them if they were indigents. On this basis they argue that the waiver of counsel was not intelligently given. We find no merit in their contentions.

The trial judge was scrupulously careful in making certain that the defendants understood fully the nature of their status and possible consequences of their plea. The court's interrogation individually of each defendant satisfied the requirements of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). The answers by each defendant made clear that the individual pleas were willingly and intelligently entered with each understanding their rights. This included the possible results which might flow from their waiver of their right to counsel.

The court's interrogation disclosed that the defendants had previously retained a private attorney who had declined to appear for nonpayment of fee. Although there was no specific statement that counsel would be appointed without charge for indigents, the judge did on two occasions ask if appellants wished to have counsel and received replies in the negative. The transcript discloses these defendants with previous criminal records made an intelligent waiver of counsel.

Our decision is in accord with the views expressed in *Balkcom v. Shores,* 219 Ga. 429 (134 SE2d 3) that: "Being without counsel is not necessarily synonymous with denial of counsel" (p. 430) and that "Due process does not require forcing counsel upon a defendant." P. 431.

The test in each case must show the accused to have made an intelligent and voluntary waiver of his right to counsel. To meet this constitutional requirement in some circumstances, the trial judge may be called upon specifically to inform an indigent as to the appointment of

counsel. The facts in the instant case did not require such specificity.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 28, 1976 — REHEARING DENIED NOVEMBER 9, 1976.

*Sampson Oliver, Jr.,* for appellants.
*Randall Peek, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.