## 54910. BLUE v. THE STATE.

MCMURRAY, Judge.

Defendant appeals her conviction as to three accusations of a misdemeanor in that she did unlawfully and intentionally cause physical harm to another by stamping upon the feet of three individuals. She was sentenced to serve 12 months on each accusation. Motion for new trial was filed and denied. *Held:*

The appeal is based solely on the complaint that the defendant was denied benefit of counsel and did not have a fair trial by reason thereof. The case was not transcribed at the trial and the defendant requested an extension of time for the filing of a stipulation of facts. Thereafter the court prepared a statement of facts under the authority of Code Ann. § 6-805 (g) (Ga. L. 1965, pp. 18, 24) because the attorneys for the state and defendant were unable to agree as to the correctness of the transcript of evidence and proceedings prepared from recollection. The law clearly states that when the parties are unable to agree as to the correctness of such transcript the decision of the trial judge thereon shall be final and not subject to review.

The statement of facts as prepared by the court shows clearly that the defendant was charged by accusation on three offenses. "To each accusation she was asked if she wanted a lawyer and if she desired a trial by jury.

Defendant declined to have a lawyer and jury trial on each and every accusation on which she was tried." A defendant in a criminal prosecution which may result in deprivation of defendant's liberty is entitled to the assistance of counsel as guaranteed by the Sixth Amendment (Code § 1-806) of the United States Constitution. Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530). However, the record must disclose she voluntarily, knowingly and intelligently waived counsel and in doing so she must be advised of her right to counsel, if she cannot afford counsel, and the consequences of her refusal to accept counsel. The record does not disclose that the court investigated the indigency or explained to the defendant the consequences of her waiver. To be valid "such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter." The trial judge must make certain (every reasonable presumption) that the defendant's professed waiver of counsel is understandingly and wisely made by a penetrating and comprehensive examination of all the circumstances under which the waiver was made. *Campbell v. State,* 128 Ga. App. 74, 76 (1) (195 SE2d 664); *Geter v. State,* 140 Ga. App. 367 (231 SE2d 76). The record discloses that the witnesses against defendant testified she was a "known shoplifter," but this would be insufficient evidence to presume she had a previous criminal record so as to be aware of all the consequences of her waiver of counsel. Under such cases as Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461); *Johnson v. State,* 139 Ga. App. 829, 831 (1) (229 SE2d 772); *Campbell v. State,* 128 Ga. App. 74, 76 (1), supra; Von Moltke v. Gillies, 332 U. S. 708, 723 (68 SC 316, 92 LE 309), we could not hold there was an intelligent waiver of counsel as there is a presumption against waiver which must be overcome and clearly shown by the record.

But the trial court here in its order overruling the motion for new trial fully stated the evidence as established, that the defendant had expressly waived

counsel throughout the trial and further, from her criminal record attached "defendant is fully aware of what transpires in a court of criminal justice." Therefore, under the language of *Geter v. State,* 140 Ga. App. 367, supra, she has "made an intelligent waiver of counsel."

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED NOVEMBER 29, 1977 — REHEARING DENIED DECEMBER 16, 1977 —

*Bonzo C. Reddick,* for appellant.

*Andrew J. Ryan, III, District Attorney, Kathryn M. Aldridge, Assistant District Attorney,* for appellee.