60607. MILLER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and filed a motion for new trial. The trial court denied the motion and Miller appeals.

Appellant contends that the trial court erred in denying his

motion for new trial because he was denied his right to counsel at the trial of his case. Appellant was arrested in December, 1978, and at his arraignment on March 19, 1979 he had retained an attorney who entered a plea of not guilty on appellant's behalf. Appellant was brought to trial on October 23, 1979, at which time his attorney was permitted to withdraw as counsel. Appellant then informed the court that he wanted to get an attorney. The trial court declined to appoint an attorney for appellant or give him time to find another attorney to represent him at trial. The trial proceeded with appellant representing himself.

The state contends that appellant was given ample time to retain the services of counsel and is now estopped from claiming error because he was not represented by counsel at trial. The state presented evidence at the beginning of the trial that appellant and his attorney were notified by the trial court at least 10 days prior to trial that if there were any pre-trial matters to be raised, the trial court would hear such matters on either the 12th or the 19th of October, 1979. Appellant did not appear in court on those days nor did appellant contact his attorney at any time prior to trial. The state argues that appellant is using dilatory tactics to delay the judicial process.

While we do not condone appellant's conduct with regard to his delay in contacting his retained attorney or finding another attorney, the trial court erred by refusing to grant appellant time to obtain counsel to represent him at trial.

A defendant in a criminal prosecution is granted the right to counsel by the Sixth and Fourteenth Amendments to the United States Constitution, Code Ann. §§ 1-806, 1-815, and by Art. I, Sec. I, Par. XI of the Georgia Constitution, Code Ann. § 2-111. A defendant may waive his right to counsel; however, the record must disclose that the defendant voluntarily, knowingly and intelligently waived counsel and in doing so he must be advised of his right to counsel, if he cannot afford counsel, and the consequences of his refusal to accept counsel. *Blue v. State,* 144 Ga. App. 378, 379 (241 SE2d 36) (1977). Appellant's actions in the instant case did not constitute a waiver of counsel; on the contrary, he specifically requested the assistance of counsel at trial.

The state relies on *Lumpkin v. State,* 136 Ga. App. 828 (222 SE2d 669) (1975), which holds that an appellant should not be permitted to delay his trial because he has failed to obtain the services of counsel. However, in *Lumpkin* we held that it is not error for the trial court to refuse to grant a continuance where the defendant had ample time to employ counsel, had made no real attempt to employ counsel prior to trial, was represented by

appointed counsel and there was no evidence in the record that defendant's *appointed* counsel had inadequate time to prepare for trial. In *Lumpkin,* as in all the cases cited by the state in support of its argument that the court should not permit dilatory tactics, the defendant was represented by counsel at trial. See *Clark v. State,* 145 Ga. App. 119 (243 SE2d 97) (1978); *Hendrix v. State,* 145 Ga. App. 170 (243 SE2d 112) (1978); *Pope v. State,* 140 Ga. App. 643, 644 (231 SE2d 549) (1976); *Huckaby v. State,* 127 Ga. App. 439 (194 SE2d 119) (1972); *McDonald v. State,* 132 Ga. App. 506, 507 (208 SE2d 376) (1974). Thus, those cases are not applicable in the instant case.

The state also contends that " '[b]eing without counsel is not necessarily synonymous with denial of counsel' . . . and that 'Due process does not require forcing counsel upon a defendant.' " *Geter v. State,* 140 Ga. App. 367 (231 SE2d 76) (1976). *Geter* involved the validity of a guilty plea where the defendants were not represented by counsel. However, in *Geter* the trial judge was "scrupulously careful" in making sure that appellants knew the consequences of their waiver of counsel and in fact asked appellants if they wished to have counsel. Where, as in the case sub judice, appellant specifically requested counsel and the trial court denied this request, appellant's motion for new trial should have been granted.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 10, 1980 — DECIDED NOVEMBER 14, 1980.

*John W. Rountree, Jr.,* for appellant.
*Vickers Neugent, District Attorney, Charles R. Reddick, Assistant District Attorney,* for appellee.