35002. PAYNE *v.* THE STATE.

DECIDED JANUARY 29, 1954.

*Irwin R. Kimzey, Herbert B. Kimzey*, for plaintiff in error.
*Winston Owen, Solicitor-General*, contra.

GARDNER, P. J. ■ We have set out the evidence somewhat in detail, first to show that the evidence was amply sufficient to support the verdict, and second, to get the setting regarding the special ground on which learned counsel for the defendant so enthusiastically insist.

■ With regard to the one special ground it is contended that, while the sheriff was testifying, he volunteered his statement which was so prejudicial that it requires a new trial and that the corrective measures of the judge were insufficient to erase the injury done by the evidence. The solicitor asked the sheriff, "Did you have a conversation with the defendant?" The sheriff replied: "I told Woodrow [meaning the defendant] that I was going to make a case against him. I told him, 'I have talked with you and told you that you had to quit'; I stopped him on the airport road, but didn't find him in possession of any liquor." The sheriff said, "I have a report on you that you have been selling liquor." The attorney representing the defendant (Hon. George L. Goode), not the attorney representing the defendant in this court, made the following objection: "The witness's voluntary statement as to other transactions was of such prejudicial nature and so harmful to the defendant that I move a mistrial be granted." The court said, "Motion overruled." The sheriff continued his testimony: "I said, 'I want to treat you nice. We have had reports on you that you have been selling liquor and if you don't quit, I am going to do my best to catch you.' We kept getting reports. We went down there and searched his house [meaning the defendant's] on the occasion in question." Thereafter the judge stated, "The court rules out any statement that the sheriff made about reports on the defendant."

It must be kept in mind that a voluntary statement made by a witness stands on a different basis with reference to a mistrial from that covered by the provisions of Code § 81-1009, which section has reference to a contention of attorneys who are officers of the court. It is sometimes in the procedure of a trial difficult to control what a witness might voluntarily say in response to a question. The court ruled out the answers of the sheriff with reference to reports, and under the facts of this case—the evidence and the defendant's statement—we cannot conceive of any prejudicial error sufficient to reverse this case. In *Manchester* v. *State*, 171 *Ga.* 121 (7) (155 S. E. 11), the Supreme Court said: "The grant of a mistrial is a matter largely within the discretion of the trial judge and this discretion will not be interfered with unless manifestly abused." That principle of law has been applied many times by both of the appellate courts of this State. The law and the decisions do not require a reversal of this case. See *Barney* v. *State*, 22 *Ga. App.* 120 (1) (95 S. E. 533); *Southeastern Greyhound Lines* v. *Hancock*, 71 *Ga. App.* 471 (4) (31 S. E. 2d 59); *Flournoy* v. *State*, 82 *Ga. App.* 518 (61 S. E. 2d 556); *Osteen* v. *State*, 83 *Ga. App.* 378 (2) (63 S. E. 2d 692); *Hodges* v. *State*, 85 *Ga. App.* 617 (70 S. E. 2d 48); *Cole* v. *State*, 86 *Ga. App.* 770 (72 S. E. 2d 537); *Walker* v. *State*, 86 *Ga. App.* 875 (72 S. E. 2d 774); *Ralls* v. *State*, 87 *Ga. App.* 655 (75 S. E. 2d 26); *Bashinski* v. *State*, 123 *Ga.* 508 (51 S. E. 499); *Bacon* v. *State*, 209 *Ga.* 261 (71 S. E. 2d 615). Counsel for the defendant cites several of these cases. It must be kept in mind that, in the type of contention now before us, each case must rest upon its own facts. The denial of a motion for a mistrial being in the discretion of the trial court, such ruling will not be reversed unless the trial judge manifestly abuses his discretion to the extent that the party aggrieved was prevented from receiving a fair trial. Such is not the situation here, when we take into consideration the evidence and the defendant's statement.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*