46566.   ANDREU v. STATE OF GEORGIA.

ARGUED SEPTEMBER 15, 1971—DECIDED NOVEMBER 5, 1971.

*King & Spalding, Robert W. Hurst, Russell French,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in denying his motion to suppress because the evidence introduced to establish his delinquency was seized through exploitation of evidence which was illegally seized.

The appellant argues that the search at the airport having been illegal, the subsequent search can not stand because the probable cause for it was established by the prior void search. *Merritt v. State,* 121 Ga. App. 832 (4) (175 SE2d 890).

Counsel for the appellant insists that the search of the suitcase at the airport was illegal because there was no search warrant obtained and there were no circumstances which might have justified a search without one. The appellant relies on Corngold v. United States, 367 F2d 1, and other cases, where the search was held to be illegal because the search was made without a warrant.

However, the Corngold case is distinguishable from the case sub judice. In that case the search was of the suitcase at the airport and was made by an airline employee "solely to serve the purposes of the government." In the present case the airline's employee's actions in examining the suitcase, and his discovery of the contraband was for the airline's purpose to prevent loss and breakage of its contents after it "sprang open" while on a conveyor belt. Under these circumstances the airline search was a

private search not covered by the fourth amendment. Clayton v. United States, 413 F2d 297; Wolf Low v. United States, 391 F2d 61.

In regard to the officer's failure to obtain a search warrant to search the suitcase at the airport, he testified that he did not have time to obtain the warrant because he received the phone call just 45 minutes from the time the plane was due to arrive in Atlanta. The test of whether the search was legal is whether the search was reasonable. "Where a search of an automobile is made by a police officer without a warrant, the test of its legality is whether the search was reasonable. In applying this test reasonableness is not determined by the hindsight of appellate court judges after weeks of academic deliberation; it is determined by the foresight of the policeman on the scene who must act in the public interest in a very short space of time. The reasonableness of his action must be judged in relation to the circumstances then existing and is in the first instance a question for the trial judge to determine." *Croker v. State,* 114 Ga. App. 43 (1) (150 SE2d 294).

In our opinion there were sufficient "exigent circumstances" present to allow the search of the suitcase without a warrant. In the Clayton case it is stated: "Appellant next suggests the heroin was seized after a warrantless and hence illegal search and seizure of his air express shipment—either (a) by the employees of the airline, or (b) Los Angeles police officers, or (c) by both of them, or (d) by Chicago officers. This heroin was clearly discovered as a result of a private search which was, hence, not unlawful. Gold v. United States, 378 F2d 588, 591 (9th Cir. 1967). The subsequent acts of the police did not constitute a search. Wolf Low v. United States, 391 F2d 61, 63 (9th Cir. 1968). The exigencies of time and the possible removal of the contraband to another state created an emergency—an 'exigent circumstance.' United States v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653) (1950); Boyden v. United States, 363 F2d 551, 554 (9th Cir. 1966). The facts of this case are not like Corngold v. United States, 367 F2d 1 (9th Cir. 1966), but are closely parallel to United States v. Spencer, No. 22,623 (9th Cir. filed May 27, 1969)." The overruling of the motion to suppress was not error.

■ The evidence was sufficient to support a finding that the appellant was a delinquent.

■ The appellant was committed to the Division for Children and Youth, Department of Family and Children Services for a period of one year, subject to annual extensions. This was in violation of *Code Ann.* § 24-2421 (1 b) (Ga. L. 1951, pp. 291, 303; 1968, pp. 1013, 1028) which was in force at that time, which only authorized the commitment of a child for an indeterminate period.

*Judgment affirmed in part; reversed in part with direction that the appellant be sentenced in accordance with this opinion. Jordan, P. J., concurs. Evans, J., concurs in the judgment only.*