## 47190. SMITH v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of a criminal attempt to burglarize a residential apartment. He was sentenced to serve nine years. The appeal is from the judgment and sentence. *Held:*

1. During the cross examination of a police officer, witness for the State, he was questioned with reference to whether or not the accused had many friends and acquaintances who are detectives, regular patrolmen, and who know him on sight and know him by name, to which the witness answered, "I don't know who his friends are." Thereafter the following question was asked: "Q. Acquaintances then, let's put it that way. A. I say they will know him. *I know him from previous arrests which was my first occasion to know Robert.*" (Emphasis supplied.) Defendant immediately moved for a mistrial stating that the witness had given an unresponsive answer to the question, and that a mistrial is the only way this error can be corrected. The form and substance of a number of enumerations of error dealing with the motion for mistrial is that the defendant's character was placed in issue by the testimony concerning prior arrests. Unfortunately, this is absolutely correct. The answer was not responsive to the question, was highly inflammatory and was probably intentionally injected for the purpose of prejudicing the case against the defendant. However, counsel failed to raise the proper objection, merely stating that it was "unresponsive" without stating how and why it was hurtful and harmful to the defend-

ant. For this reason the enumerations in regard thereto are not meritorious. See *Cherry v. State,* 220 Ga. 695 (4) (141 SE2d 412), and citations, p. 697.

2. Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled. *Revel v. State,* 26 Ga. 275 (2); *Long v. State,* 38 Ga. 491 (4, 5); *Simmons v. State,* 116 Ga. 583 (42 SE 779); *Hardy v. State,* 117 Ga. 40 (1) (43 SE 434); *Turner v. State,* 70 Ga. 765; *Griffin v. State,* 208 Ga. 746 (69 SE2d 192); *Crow v. State,* 86 Ga. App. 11 (1) (70 SE2d 601). Approximately three days before the trial, the public defender was appointed to represent the defendant, but the court was informed that the counsel making the motion for continuance did represent the defendant "and for that reason Mr. Byars (the public defender) ceased to represent him . . . because he was under the impression that your firm . . . represented him." The court went on to state that the case had been pending for some time and that the defendant "has had ample opportunity to have counsel, either of his own choice or free at the State's expense. It was his own fault that the dilemma has developed and I deny your motion." The main contentions of counsel in requesting the continuance were that he had not subpoenaed any witness and had not talked to any witness and was totally unprepared. The court felt that both the defendant and counsel were trifling with the court and for this reason he denied the motion. There was no showing that the court abused its discretion in denying the motion.

3. All other enumerations not argued in the brief are deemed abandoned.

*Judgment affirmed. Bell, C. J., concurs. Stolz, J., concurs in the judgment only.*

SUBMITTED MAY 2, 1972—DECIDED JUNE 22, 1972.

*James A. Elkins, Jr.,* for appellant.
*William J. Smith,* for appellee.