## 47309. HUCKABY v. THE STATE.

HALL, Presiding Judge. Defendant appeals from her conviction for obscene and harassing telephone calls.

1. Defendant contends she was deprived of the effective assistance of counsel when the court refused to grant a continuance so that her newly retained lawyer might prepare. Her former lawyer had withdrawn at 9:00 a.m. and she had engaged the new one at 11:00. The case went to trial at 1:00 p.m. However, it also appears that the charge against defendant was more than a year old

and that during this period she had engaged four lawyers, all of whom "withdrew" on the day set for trial.

Neither sudden withdrawal of retained counsel nor lack of preparation of new counsel is ipso facto a ground for continuance. The conduct of the party is obviously relevant and is a proper consideration for the judge in the exercise of his discretion. See 17 CJS 394, Continuances, § 23. The reason for this is to prevent a party from using discharge and employment of counsel as a dilatory tactic. The defendant in a Missouri Appeals case used the same ploy as apparently did the defendant here. Harms v. Simkin (Mo. App.), 322 S. W. 2d 930. That court found no abuse of discretion and neither do we.

2. Defendant contends the court erred in admitting testimony concerning telephone calls other than the ones listed in the accusation as conduct in other transactions which placed her character in issue. These other calls were of the same nature as the ones in the accusation and occurred during approximately the same time span. We believe they fall within an exception to the rule of Code § 38-202, that of showing a state of mind or mental processes influencing a course of conduct. See the cases cited in the dissenting opinion in *Hodges v. State*, 85 Ga. App. 617 (70 SE2d 48), which was cited approvingly in *Bacon v. State*, 209 Ga. 261 (71 SE2d 615).

3. Defendant's contention concerning the defense of insanity is without merit. The issue was not raised in any recognizable form.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
Submitted July 6, 1972—Decided September 5, 1972—
Rehearing denied September 25 and October 26, 1972—

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

*Hinson McAuliffe, Solicitor, Ernest J. Hughie, James L. Webb, Frank A. Bowers,* for appellee.