## 48736. ADAMS v. THE STATE.

STOLZ, Judge. The defendant was indicted and tried for two counts of theft by receiving stolen property. At the conclusion of the final arguments the state withdrew Count 2. The defendant was convicted on Count 1 and sentenced to serve three years, from which judgment and sentence he appeals. *Held:*

1. "Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled." *Smith v. State,* 126 Ga. App. 547, 548 (191 SE2d 304) and cits.; *Vaughn v. State,* 126 Ga. App. 252, 257 (190 SE2d 609) and cits.; *McLendon v. State,* 123 Ga. App. 290 (2) (180 SE2d 567). The trial judge did not abuse his discretion, as contended in enumeration of error No. 1, in denying the defendant's employed counsel's oral motion for continuance made on the day of the trial where the defendant had been out on bond for seven months, had had his case reset a number of times during the eight months since his indictment, and had consulted with his employed counsel a week before the trial.

2. Enumeration of errors Nos. 2, 3, 6 and 8 all pertain to the admission of testimony and evidence as to Count 2, which is contended to have been prejudicial, inflammatory, irrelevant and immaterial as to Count 1. The evidence in question was relevant and material to Count 2 and was admitted without objection; therefore, its admission was not error regardless of

whether the prosecution knew at the outset of the trial that he would be unable to obtain his out-of-state witness. Rather than being harmful to the defendant, the withdrawal of the second count because of the absence of the state's witness left merely one count, rather than two, on which the defendant was to be tried and subjected to possible conviction, hence inuring to his benefit. To reverse cases for this reason would place in jeopardy every conviction on less than all of the counts of multiple-count indictments. Furthermore, the trial judge instructed the jury not to consider Count 2 and not to make a finding as to Count 2.

3. The trial judge did not err, as is contended in enumeration of error No. 4, in failing to charge the jury on the defendant's absence of flight, which circumstance is irrelevant and inadmissible as evidence of innocence. *Flannigan v. State,* 136 Ga. 132 (3) (70 SE 1107) and cit.

4. The verdict was supported by evidence that the defendant was in possession of an automobile stolen from a used-car lot, which vehicle he claimed had been given him by his "cousin," whom he did not know how to contact; and that the defendant had neither original keys, registration papers, nor any explanation of legitimate delivery of the vehicle. Enumeration of error No. 5 is without merit.

5. Enumeration of error No. 7 is deemed abandoned by failure to argue it.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED NOVEMBER 8, 1973 — DECIDED NOVEMBER 27, 1973.

*Smith & Ray, B. J. Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Morris H. Rosenberg, Isaac Jenrette,* for appellee.