## 49415. McDONALD v. THE STATE.

PANNELL, Presiding Judge.

James Richard McDonald was indicted, tried and convicted of the offense of making an aggravated assault upon the person of Andrew J. Brooks with a rifle. He was sentenced to a term of 10 years in the penitentiary. He appealed to this court enumerating error on the court's denial of his motion for continuance, and permitting certain testimony to be introduced over objection, in failing to grant his motion for a mistrial because of the defendant's absence during a part of the trial, and for failing to charge one of the defendant's requests to charge. *Held:*

1. The offense charged occurred on January 7, 1974, and the case was called for trial on February 12, 1974, at which time the attorney for the defendant made the following announcement: "This is the case that I announced earlier in the week that I was appointed by Judge Kenyon in the latter part of January. Upon a conference with Mr. McDonald, I determined — or he stated that he was represented by Mr. Bob Thompson. From that point, I told him that well, I would be glad to help on the case from an appointed basis if he was not represented, and to have his sister, who was making his contacts, contact me if Bob Thompson was not employed. I assumed that he was employed. The Court, Monday, asked me to inquire of Mr. Thompson. I talked with Mr. Thompson late yesterday afternoon and he stated that he had talked with the family and that he was considering the employment in the case. I told him that the case was ready to be tried this week and he said, 'Well,' he couldn't get prepared in time and would not serve as counsel. The point in me saying this to the Court is that because of these factors I haven't had an opportunity to sufficiently talk with Mr. McDonald or seen his witnesses and prepared his case for trial. If I had just been appointed counsel and knew at the time that I had, I could have been prepared but when I am told there is retained counsel I do not pursue it any further, and I was told

definitely that there was retained counsel and he did not need appointed counsel. Also, because of this I would move for a continuance on this basis at least until the end of this week to give me an opportunity to talk to my client and subpoena these witnesses . . ." The court gave defendant's attorney until the following day to subpoena his witnesses, interview them and get ready for trial. On the morning of the 13th it appeared that appointed counsel had subpoenaed his witnesses, interviewed them, and had conferences with his client, and the witnesses were present in court. The attorney for the defendant, after verifying the fact that he had had additional time to prepare the case and was in a better position to try it, stated: "I have been able to subpoena the witnesses that I need and have talked with the witnesses. I could use additional time to better prepare myself and I do want this to be part of the record — that I would request a continuance until the latter part of this week. Today is Wednesday and we have trials Thursday and Friday. Additional time would aid me in preparing the defense for this defendant, Mr. McDonald, and I would move to continue it until Friday." The court overruled the motion and the case proceeded to trial.

"Neither sudden withdrawal of retained counsel nor lack of preparation of new counsel is ipso facto a ground for continuance." *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119). The defendant having advised appointed counsel that he had employed another attorney was responsible for the lack of preparation, if any, of the appointed counsel, who subsequently handled his case. Under these circumstances, we cannot say that the trial judge abused his discretion in refusing to grant the continuance and additional delay. See in this connection *Smith v. State,* 126 Ga. App. 547, 548 (2) (191 SE2d 304).

2. The ex-wife of the defendant, over objections of the defendant, was allowed to testify that the defendant, on January 23rd, came to her house (where the original shooting occurred) with a rifle and shotgun and stated to her that he had come there with the intention to kill her but had changed his mind, and that if he had known how to use the shotgun, Andrew Brooks would not be walking

around. There was no separate objection to that portion of the testimony as to his intent on January 23rd; and that portion of the testimony relating to the incident of January 7th, being admissible as a statement or admission against interest, the objection to the testimony as a whole was without merit.

3. At the close of the evidence, the jury was excused until the next day after an announcement by the court that it desired to take up some non-jury matters with the attorneys in the case. A colloquy then took place between the court and the attorneys as to requests to charge, both oral and written. During this discussion, the court noticed the absence of the defendant and inquired as to where he was, his attorney replying, "They have taken him out. I forgot about that. He should have been in here. I didn't notice that he was out." The defendant was returned to the courtroom. The court then informed the defendant of his right to be present and that if this right was denied him, he was entitled to a mistrial, instructing him to discuss the matter with his attorney. The court was adjourned until the next morning, at which time a challenge to the conduct of a juror was raised by defendant's attorney and his removal from the jury was sought. After a hearing, the court overruled this motion and upon inquiry, confirmed through defendant's attorney, that the defendant would like to continue the trial with eleven jurors. The court then called attention to the previous day's probable grounds for a mistrial and inquired as to defendant's wishes. Counsel stated that defendant was willing to waive this motion for mistrial if he could proceed with eleven jurors, by eliminating the one whose conduct was objected to. The court refused to accept this condition and the defendant, through his counsel, insisted on a mistrial. The court then proceeded to hear evidence. This evidence included the testimony of a deputy sheriff that he took the defendant out at a signal from his counsel, and the counsel admitted this, although at the time he knew the lawyers in the case were to remain for consultation with the court. The court overruled the motion for mistrial and, subsequently, the state agreed to trial with eleven jurors, by excusing the juror whose conduct had been objected to, and

defendant's counsel consented to this arrangement. While at this point no reference was made to the previous offer of defendant to waive the mistrial and go to trial with the eleven jurors, upon excusing the juror whose conduct was objected to, it is our opinion that defendant having secured the excusing of the juror by agreement of the state's counsel and his own, having stated his willingness to waive his right for mistrial if this be done, is bound thereby.

4. The defendant enumerated error on the failure to give the following request to charge at the sentence hearing: "Members of the jury I charge you that although the law will not justify an assault made in retaliation of a wrong which has been completed, still, in mercy to the frailty of human nature, the gravity of the offense may be mitigated where the assault can be attributed to an impulse of passion supposed to be uncontrollable . . . the jury is the exclusive arbiter." There was no error in refusing this request as the charge relates to the finding of guilt or lack of guilt, and to the proper sentence after a finding of guilty, and has no relevance to the sentence hearing.

5. There being no reversible error shown, the judgment is affirmed.

*Judgment affirmed. Deen and Webb, JJ., concur.*

ARGUED MAY 30, 1974 — DECIDED JULY 16, 1974 — REHEARING DENIED JULY 26, 1974 —

*Smith & Millikan, Harmon T. Smith, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg,* for appellee.

