## 50919. TOOTLE v. THE STATE.

Evans, Judge.
Defendant was convicted of burglary. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Upon returning home at approximately midnight, the victim heard a noise in the rear of his house. Proceeding to the back door he found the back door broken open and the defendant standing in front of a strange

vehicle which did not belong in the victim's backyard. The victim proceeded to chase the defendant away with a machete; the defendant protesting that it was all a mistake. Looking into the strange car, the victim saw his property in the backseat. After the arrival of the police, the car was searched and other items were removed from the car trunk.

2. The Fourth Amendment is intended as a restriction on the activities of the government and its agents, and is not addressed to actions, illegal or legal, of private persons. Burdeau v. McDowell, 256 U. S. 465 (41 SC 574, 65 LE 1048). A search by a private person is not covered by the Fourth Amendment. *Andreu v. State,* 124 Ga. App. 793 (186 SE2d 137).

3. The property was seized by the victim after finding it in plain view. This was not an unlawful search by anyone and comes within the "plain view" statute. *Smith v. State,* 132 Ga. App. 691 (209 SE2d 112); Harris v. United States, 390 U. S. 234 (88 SC 992, 19 LE2d 1067).

4. Defendant was arrested on December 28, 1973. He retained counsel to represent him who subsequently declined to serve. The court then appointed counsel to represent him who was discharged or fired by the defendant. The court then appointed another counsel to represent him, but this counsel was also fired by defendant on March 29, 1974, shortly before his scheduled trial. A confrontation between the trial judge and defendant resulted in that judge disqualifying himself from hearing the case. Private counsel was then obtained to defend defendant, but three days prior to trial, on Monday, July 15, 1973, this counsel was fired by the defendant. The case was called and defendant presented himself as not being represented by counsel. Counsel was appointed to represent him, but defendant declined to allow this counsel to represent him. At the judge's request, this counsel represented the defendant throughout the trial, the defendant participating in his own defense with the aid of this counsel.

5. A party is not allowed to use the discharge and employment of other counsel as a dilatory tactic in requesting a continuance. See *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119). This appears to have been

defendant's scheme in this case. Where defendant advises appointed counsel that he has employed another attorney, he becomes responsible for the lack of preparation, if any, in the handling of his case when it is tried. *Smith v. State,* 126 Ga. App. 547, 548 (2) (191 SE2d 304); *McDonald v. State,* 132 Ga. App. 506 (1) (208 SE2d 376).

The court did not err in refusing a continuance.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 26, 1975.

*Smith & Portman, Alexander L. Zipperer, III,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, William H. McAbee, II, Assistant District Attorney,* for appellee.