51875. HARRIS v. THE STATE.

MARSHALL, Judge.

This is an appeal from a conviction of five counts of forgery (of checks). Appellant was sentenced to serve ten years, five in confinement and the remainder on probation, together with restitution and a fine. Appellant enumerates eight alleged errors. *Held:*

1. The state has moved for a dismissal of the appeal

alleging a failure by appellant to file her enumerations of error within twenty days following the docketing of the case with this court; the failure to allege as error the denial of a motion for a new trial containing basically the same enumerations of error as those on this appeal; and the abandonment of the enumerations of error in view of the lack of citations and argument supporting such enumerations. However, Rule 14(e) of this court now provides that enumerations of error shall be deemed to include and present for review all judgments necessary for a determination of the errors specified. *Echols v. State,* 134 Ga. App. 216 (1) (213 SE2d 907). Rule 14(a) provides that failure to file enumerations on time subjects the appellant to contempt, not dismissal. See also *McFarland v. State,* 137 Ga. App. 354. Some of the enumerations are minimally supported by argument or citations. Accordingly, the motion to dismiss is denied.

2. In her first enumeration appellant argues that the trial court erred in not allowing her to dismiss her attorney and to obtain the attorney of her choice, or alternatively not allowing her to represent herself. Appellant had retained an attorney to represent her at the trial. This attorney was present and, together with the appellant, announced ready when the case was called. Thereafter, appellant cooperated with her attorney in the selection of a jury. The jury was sworn and then temporarily excused while the trial was in recess. The ostensible purpose of this recess was to allow the investigative staff of the district attorney to investigate some leads on behalf of either the state, the defendant or both. After a delay of several hours, the court was reconvened and trial commenced. Before opening statements, appellant announced for the first time that she wanted "to fire" her attorney. She stated that she had contacted another attorney the night before and that this second attorney was in another court and could not be present. The judge observed on the record that appellant had not communicated her dissatisfaction to her attorney who was present, nor disclosed the request for a new attorney or a continuance until after the jury had been impaneled. The trial court gave appellant the choices of proceeding with her then-present attorney or to defend

herself. Appellant, after a brief recess, announced she could not defend herself but still wished to fire her attorney and have a continuance. The trial judge then appointed her retained attorney, who was fully prepared to proceed, to represent her in the trial of the case. During the trial this attorney capably defended appellant, exploiting those weaknesses in the state's case, which tended to establish the lack of a believable identification. In requiring appellant to proceed, the trial court observed that, had appellant moved to dismiss her attorney and for a continuance prior to the empaneling of the jury, the result would have been different.

A party is not allowed to use the discharge of counsel and employment of other counsel as a dilatory tactic in requesting a continuance. *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119). This appears to have been defendant's scheme in this case. *Tootle v. State,* 135 Ga. App. 840 (219 SE2d 492).

Furthermore, though unusual, it was not error for the trial court to appoint the discharged attorney originally retained by the appellant. Though appellant apparently was financially able to obtain an attorney of her choice, it appears that she was abusing this privilege. She does not contend in the appeal that the attorney appointed to represent her was guilty of ineffective representation. Under such circumstances, she had no right to pick or choose her court-appointed attorney. She was entitled to have the appointed attorney render reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). The evidence shows that the appointed attorney was well prepared, had announced ready, and thereafter engaged in vigorous and appropriate, if unsuccessful, trial tactics.

However, appellant also asserts that the reappointment of her "fired" attorney effectively deprived her of the right to discharge the attorney with whom she was displeased and denied her representation by an attorney of her choice. Even if we assume that under these circumstances the denial of counsel of choice amounts to a violation of the Sixth Amendment to the U. S. Constitution, we must still determine whether such denial was prejudicial or harmless. Chapman v.

California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). While the burden is upon the state to prove beyond a reasonable doubt that the error did not contribute to the verdict obtained (Chapman, supra) this court, using the appropriate standard, may still find in a particular case that error committed by the trial court was constitutionally harmless. *State v. Hightower,* 236 Ga. 58 (222 SE2d 333).

In this case it is apparent from the record that the original counsel had prepared diligently the defense of the charges. His trial tactics were designed to bring about an acquittal based upon a mistaken identification. Appellant's ultimate acquittal was rendered difficult in view of the lack of contest of the state's evidence that the forgeries occurred, coupled with the unanimous and positive identification by the witnesses of appellant as the forger. *McClure v. Hopper,* 234 Ga. 45, 48 (214 SE2d 503). See also *Bradley v. State,* 135 Ga. App. 865 (219 SE2d 451). Under this state of evidence, evidence tending to show a possible alibi would have been to no avail in furthering efforts at acquittal.

Considering the record as a whole, we are satisfied from the state's evidence there is no reasonable possibility that the reappointment of the discharged counsel (where the discharge was untimely and designed to delay) contributed to the conviction. *State v. Hightower,* supra. Legal error is a compound of both error and injury. In the absence of either constituent element, the grant of a new trial is not warranted. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53); *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213); *Bobo v. State,* 106 Ga. App. 111, 112 (126 SE2d 236). See also *Brooks v. State,* 125 Ga. App. 867, 869 (3) (189 SE2d 448). We conclude the erroneous reappointment of the same counsel in this case to be harmless.

That portion of appellant's enumeration alleging that she was denied the right to defend herself also is without merit since she affirmatively stated that she could not defend herself.

3. The remaining enumerations of error are all without substantial merit and will be treated summarily.

(a) Appellant complains that the state erred in failing to call a handwriting expert, apparently and

hopefully to show that appellant's handwriting did not appear on the checks.

(b) In a similar vein, appellant asserts the state should have presented polygraph evidence to establish either her guilt or innocence.

As to these enumerations, it is fundamental law that the state has the burden of establishing an accused's guilt beyond a reasonable doubt. There is no obligatory method of meeting that burden so long as it is met. It was met in this case. Under Georgia law the results of a polygraph, favorable or unfavorable to an accused, are not admissible in evidence. See *Salisbury v. State,* 221 Ga. 718 (4) (146 SE2d 776); *Cagle v. State,* 132 Ga. App. 227, 229 (207 SE2d 703).

(c) Appellant next complains that the placing of a driver's license photo in with a group of other photos of different persons was impermissibly suggestive since each victim of the bad checks was shown and identified appellant from the group of pictures. This enumeration is without merit. An examination of the several photos used does not disclose any significant difference in the size of the pictures or the surroundings in which they were taken. The picture of which complaint is made was an undistinguished photograph and not attached to a driver's license. Moreover, each victim indicated a positive identification of the appellant based upon their exposure to her and not based upon the photographic lineup.

(d) Appellant avers the state erred in allowing a victim to give "expert" testimony without being qualified as an expert. This "expert" testimony consisted of the testimony of one of the victims in qualifying his identification by stating that, instead of an "afro" hairdo, appellant had "just natural hair" and further that appellant had "light" skin. These are common observations and not the distilled conclusions of an expert based upon study and analysis. The enumeration is totally lacking in merit.

(e) In her last two enumerations of error, appellant complains the trial court erred in failing sua sponte to exclude a police officer from the courtroom who later testified for the state; and in failing to excuse a juror who

in response to a question during voir dire examination about reasonable doubt framed by the defense counsel, gave an equivocal answer.

As to the first of these enumerations, the state's attorney expressly asked for an exception to the rule of sequestration as to the officer, stating in his place that the officer was a necessary part of the prosecution. There was an overt, oral and affirmative waiver by the appellant to the witness remaining in the courtroom. While it may have been better practice to call the witness first, the failure to do so was not objected to by appellant.

As to the second of these enumerations, after the first equivocal answer, the juror was asked a second question concerning reasonable doubt and gave an appropriate answer. The defense counsel then stated to the court that the juror was acceptable. This was an express waiver of any potential incapacity. Excusal of this juror by the court sua sponte would have been to ignore the defense's statement that the juror was competent and desired by the defense as a juror. There was no error in either of these failures to act by the trial court.

We find no errors in this case of material prejudice to any of appellant's substantial rights.

*Judgment affirmed. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 8, 1976 — REHEARING DENIED APRIL 21, 1976 —

*Melvin Robinson,* for appellant.
*John T. Strauss, District Attorney,* for appellee.