## 52018. LINDSEY v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of voluntary manslaughter.

1. The trial judge did not abuse his discretion in denying the defendant's retained counsel's motion for a four-day continuance on the grounds that she had just been retained to represent the accused the day before and that she thought that she could bring into court in the interim a witness germane to the case, with whom she had not had a chance to speak at that time. The motion did not contain the eight statutory requirements which must be met before this court may review the trial judge's discretion in denying the motion on this ground. See *Keller v. State,* 128 Ga. App. 129, 130 (195 SE2d 767). Lack of preparation of new counsel is not ipso facto a ground for continuance. *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119). Although counsel did not have her client sign the retainer agreement until the day before the trial, she had gotten a copy of the indictment the week before the trial and told the accused that she would look into the case. Furthermore, the accused had approximately six weeks from his arrest to prepare a defense. Cf., *Smith v. State,* 126 Ga. App. 547 (2) (191 SE2d 304).

2. The refusal to direct a verdict of acquittal was not error. The defendant's version of the death of his common-law wife was that, on the night of her death, they had been drinking, arguing, fighting and scuffling; that she had left the scene (his grandmother's house) and that, on the way back after picking her up, she had jumped or fallen out of the car, sustaining the fatal injuries. The state, however, produced circumstantial evidence which supported the conviction by excluding every reasonable hypothesis except the guilt of the accused (not having to

remove every possibility of his innocence). See *Moody v. State,* 126 Ga. App. 108, 110 (189 SE2d 889) and cits. There was expert testimony by both a doctor and a deputy sheriff that the wounds of the decedent had been inflicted on the night of her death and were of such a nature (i.e., all on the front side of her body) as would indicate that they were not caused by falling from a car. The deputy also testified that a broken flashlight with blood on it was found in the defendant's car, and that a dirty, bloody piece of the flashlight was found directly behind where the car had been parked at the defendant's grandmother's house, which area had blood "all over the ground." In a homicide case, " '[i]t must affirmatively appear that death resulted from criminal agency. But the criminal agency is sufficiently shown where a dead body is found with injuries apparently sufficient to cause death, under circumstances which exclude inference of accident or suicide.' " *Graham v. State,* 183 Ga. 881, 886 (189 SE 910).

3. The trial judge did not err in allowing the defendant's oral pre-trial statement to be heard by the jury. In the "Jackson-Denno" hearing it was shown that the accused was orally advised of his rights and signed a waiver thereof before making the statement. In Miranda v. Arizona, 384 U. S. 436, 473 (86 SC 1602, 16 LE2d 694) (1966), the procedure once warnings have been given is stated to be that "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." This does not mean, however, as the appellant now contends, that there is a requirement that this right be read as a warning. There being no evidence that the accused indicated his desire to remain silent and that the subsequent procedure was not followed, no error is shown. Furthermore, even if the Miranda warning were insufficient, no harmful error appears, because the defendant subsequently testified to facts which were in substance the same as that to which the objection was made. *Watson v. State,* 132 Ga. App. 204 (1) (207 SE2d 685).

4. The trial judge did not err in charging the jury as to voluntary manslaughter, there being evidence that the defendant and the decedent fought and that he struck her

with a flashlight at least, as set out in Division 2 hereinabove.

5. The appellant attempts to complain, for the first time in this court, as to Deputy Sheriff Bryan's testifying as an expert witness. "It is well settled that this court cannot and will not review matters that were not raised in the trial court and that are presented for the first time in this court. *Mallory v. State,* 230 Ga. 657 (2) (198 SE2d 677) and cit." *Mayo v. State,* 132 Ga. App. 217 (2) (207 SE2d 697). Furthermore, appellant's own counsel elicited testimony from this witness concerning the presence of blood and hair particles.

6. " 'It is well settled that an objection to the admission of evidence may not be raised for the first time on appeal. See *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907). . .' " *Allen v. State,* 233 Ga. 200, 202 (2) (210 SE2d 680). Accordingly, the enumeration of error as to the admission in evidence of the flashlight apparently used by the defendant to beat the decedent, is not considered.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED APRIL 16, 1976.

*Lewis, Hunnicutt, Taylor & Daniel, John M. Taylor,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.

