## 52692. JONES v. THE STATE.

MARSHALL, Judge.

Appellant, with two others, was indicted for burglary. Upon trial by jury he was convicted, and as a fourth offender recidivist, he was sentenced to a mandatory twenty-year, non-parolable term in the penitentiary. One of appellant's co-defendants turned state's evidence. Appellant brings this appeal enumerating as error: (1) the failure of the trial court to grant a mistrial when a witness made reference to certain "parole papers" pertaining to Jones, (2) the failure to limit the jury's consideration of those parole papers, and (3) the failure of the trial court to direct a verdict of acquittal because of inadequate corroboration of the testimony of the accomplice. *Held:*

1. The evidence was that Jones and his passenger companions late at night drove Jones' vehicle onto school grounds of the school burglarized. The school principal who lived nearby heard the car and commenced an observation of the car. He saw three persons leave the car. Not knowing their intentions the principal notified the police. The police arrived upon the scene but did not see the three occupants. In an effort to identify the car or its occupants, the police looked into the front interior of the car. One of the officers observed a wallet lying on the front seat. He looked into the wallet and saw papers identifying the wallet as belonging to the appellant Jones. These papers included Jones' driver's license as well as certain otherwise unidentified "parole papers." The police and the principal then withdrew a distance from the car and maintained continued surveillance of it. Shortly thereafter, three persons returned to the vehicle, entered it, and made preparations to drive away. At that point the police drove up, blocked the car and arrested the occupants, one of whom was the appellant Jones.

The second witness called by the state was the principal of the school. In response to the question as to what happened after the police arrived, this witness testified that the police found Jones' wallet and identified Jones by his parole papers. The state's attorney, in resisting a subsequent motion for mistrial, stated that he

was not aware that parole papers had been found and anticipated the witness was going to testify that a driver's license had been found in the wallet.

At the time this unsolicited information was offered, the question of identity of the three occupants of the car was very much in issue. Only later did it appear that the presence of Jones at the scene was not to be contested and that the principal defense was to be that the accomplice was the sole and responsible burglar.

At the time of the motion for mistrial, the trial court sustained the objection to the reference to parole papers, ruled the evidence out and instructed the jury to disregard any evidence offered by the principal relative to the contents of the car.

Where a motion for mistrial is made on the ground of inadmissible evidence illegally placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error. *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (31 SE2d 59); *Osteen v. State,* 83 Ga. App. 378, 381 (63 SE2d 692); *Eden v. State,* 43 Ga. App. 414 (1) (159 SE 134); *Tye v. State,* 198 Ga. 262 (4) (31 SE2d 471). In this case, appellant concedes that the evidence to which objection was made, at least initially, was admissible as tending to prove identity, an essential ingredient of the crime charged. This concession was proper, for evidence otherwise admissible does not become inadmissible simply because it incidentally puts the appellant's character in issue. *Whippler v. State,* 218 Ga. 198, 200 (126 SE2d 744), cert. den. 375 U. S. 960. However, appellant asserts that as identity dissolved as an issue, the probative value of the evidence was prejudicially outweighed by the impact of the inference of a prior criminal conviction.

Again we note that no reference was made to specific criminal misconduct. The jury was charged to disregard any evidence from this witness concerning information obtained from appellant's wallet. Lastly, this evidence was volunteered by the witness. Even if we assume the evidence to be improper, where illegal testimony is

volunteered by a witness in answer to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial. *Fitzgerald v. State,* 82 Ga. App. 521 (2) (61 SE2d 666); *Flournoy v. State,* 82 Ga. App. 518 (1) (61 SE2d 556); *Haynes v. State,* 80 Ga. App. 99 (2) (55 SE2d 646); *Harrison v. State,* 60 Ga. App. 610 (4) (4 SE2d 602); *Stanford v. State,* 201 Ga. 173 (2) (38 SE2d 823). Moreover, in reference to a mistrial, a voluntary statement made by a witness stands on a different basis than the same statement elicited by the deliberate and improper conduct of an attorney, who is an officer of the court. *Payne v. State,* 89 Ga. App. 568, 573 (80 SE2d 93). Mistrial is more likely to be the solution required in those instances where the state's attorney directly elicits the improper evidence than in those instances where the witness volunteers the testimony. *Brown v. State,* 118 Ga. App. 617, 621 (165 SE2d 185); *Haynes v. State,* 80 Ga. App. 99, 101, supra.

The evidence adduced by appellant did not place his credibility into issue nor did it deny his presence at the area of the burglary. Under these circumstances it is difficult to conceive how any passing reference to a parole (which was stricken and ordered to be disregarded) could have affected the jury's determination that a burglary occurred and that appellant took part in its commission. Harm as well as error must be shown to authorize a reversal by this court. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53); *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213); *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491). We conclude that the trial court did not abuse its discretion or commit error in refusing to grant the mistrial.

2. For the reasons stated above, it was not error for the trial court to fail to amplify its instructions to the jury when directing the jury to disregard the reference to parole papers. The second enumeration of error is without merit.

3. In his third enumeration of error, appellant complains that the trial court should have granted his motion for a directed verdict of acquittal because of inadequate corroboration of the accomplice's testimony. We disagree.

There was evidence that appellant's car was in a dark and obscured portion of the school yard. Three persons were observed leaving that vehicle. There was evidence that forcible entry was made into the school building. Thereafter, two heavy soft drink dispensers and a cracker machine were lowered from an upright position to a horizontal position. There was testimony that one person could not have moved these heavy machines. Forcible entry was attempted or gained into each machine. The appellant and his two companions were seen coming from alongside the school and re-entering his automobile.

Code Ann. § 38-121 requires that, in felony cases, an accomplice's testimony must be corroborated. However, it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material part. *Taylor v. State,* 110 Ga. 150 (35 SE 161); *Dixon v. State,* 116 Ga. 186 (42 SE 357). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. 157 (34 SE 369); *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180); *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164); *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202); *Birt v. State,* 236 Ga. 815, 816 (225 SE2d 248).

In reviewing the denial of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650). There was independent and corroborative evidence placing the appellant as a participant in the burglary charged. The trial court did not err in denying the motion for directed verdict of acquittal.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted September 9, 1976 — Decided September 27, 1976.

*Clyde J. Gober, Jr.,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.