## 52975. POPE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of two counts of burglary. *Held:*

1. On November 11, 1975, defendant was represented by counsel at a commitment hearing. At the conclusion of the hearing counsel was informed his services would no longer be needed. On November 20, the court was informed defendant could not afford counsel. Defendant's former attorney was notified at approximately 10:30 a.m. that morning, November 20, that he was appointed to represent defendant. On November 28, counsel moved for a continuance until the next term of court. A hearing on the motion was held on November 28 and denied. The trial was held on December 1, 1975.

Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for

refusing to grant a continuance. *Smith v. State,* 126 Ga. App. 547 (191 SE2d 304); *Adams v. State,* 130 Ga. App. 323 (1) (203 SE2d 318). "Mere shortness of time . . . does not ipso facto show a denial of the rights of an accused. Something more is required." *Carnes v. State,* 115 Ga. App. 387, 388 (154 SE2d 781), U. S. cert. den., 389 U. S. 928 (88 SC 287, 19 LE2d 279) (1974); *Bolick v. State,* 127 Ga. App. 542, 545 (1) (194 SE2d 302). Here counsel was retained to represent defendant one month before the trial, although he was released shortly after the first hearing. However, he was appointed to represent defendant one week before the next hearing and ten days before trial. See *Smith v. State,* 198 Ga. 849 (1) (33 SE2d 338); *Stanford v. State,* 201 Ga. 173, 185 (1) (38 SE2d 823). This is not a convoluted case or one with a large number of witnesses or intricate defenses. We find no abuse of discretion. *Adams v. State,* 130 Ga. App. 323 (1), supra; *Nations v. State,* 234 Ga. 709 (2) (217 SE2d 287); *Smith v. State,* 235 Ga. 620 (3) (221 SE2d 41).

2. Appointed counsel stated that defendant, on the morning the trial began, asked him to withdraw from the case because he had "not been pursuing it." At the hearing on the motion for a continuance defendant testified that he "couldn't hire Mr. Freeman (the court appointed counsel). . . I don't have any money." Later he said he had "around two or three hundred dollars" and was "planning to hire another lawyer, too. I'm planning to see if I can get up a little money to get another attorney to help in the case too."

A defendant will not be permitted to use the discharge of counsel and employment of another counsel as a dilatory tactic in requesting a continuance. *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119); *Tootle v. State,* 135 Ga. App. 840 (5) (219 SE2d 492). The trial court concluded that the defendant and his father had ample resources and time to make arrangements to employ counsel and failed to do so. One counsel who had been contacted advised the court that it would be impossible for him to represent the defendant if the case had to be tried at that term of court. We find no error in the court's ruling. *West v. State,* 136 Ga. App. 249 (1) (220 SE2d 767); *Harris v. State,* 138 Ga. App. 388 (2) (226 SE2d 462).

3. The offices of two named doctors had been broken into on the night of October 27-28, 1976. A picture taken of the interior of one office showed a package of Kools cigarettes lying on the desk. After the defendant had been arrested as he was seen leaving the burglarized premises he was taken to the sheriff's office. The direct examination of the sheriff resulted in the following: "Q: . . . did you have occasion to speak with him about a package of cigarettes . . . ? [Objection by defense counsel] . . . By [District Attorney] . . . We intend to show that he just made a statement to the Sheriff. By the court: Not in response to any question? By [District Attorney]: Not in response to any question. By the court: Based on that statement . . . I will let him go ahead . . . Q. Sheriff . . . if he did make a statement to you, was this in response to any question from you? A. No, sir, not about that. Q. . . . [H]ow did this topic come up? A. He just asked me could he have a package of cigarettes, or could I get him a package of cigarettes . . . By the court: Is that all? By [District Attorney] . . . That's not the entire statement." The jury was excused. "Q . . . what were the circumstances about the cigarettes? A. He asked me could I get him a package of cigarettes and I told him we had them in there in the desk and I asked him what kind he wanted. Q. What did he say? A. A package of Kools . . . Oh, I'm sorry, he said that he had lost his out there. By the court: Q. Out where? A. Out where they had been chasing him, is what he said . . . Q. *Did anybody ask him any questions? A. No, sir.*" (Emphasis supplied.) The court admitted the statement on the basis that defendant "of his own accord, made inquiry about the Kools cigarettes and voluntarily stated he had lost his."

After the jury returned, examination revealed the following: "Q. . . . did you have a conversation with the defendant about any cigarettes? A. He asked me could I get him a package of cigarettes . . . I asked him what kind; he said 'Kools,' and *I asked him had he lost his* and he said he did— *or where his was*, and he said he lost them out there." (Emphasis supplied.) Upon objection the court sustained the objection and asked the jury to disregard the statement made in response to the sheriff's question. Defendant made a motion for a mistrial which was

overruled. The motion for a mistrial was not renewed after the court instructed the jury to disregard.

We must note that the version given by the sheriff before the jury is not the same as that given in prior questioning by the court. Accordingly, it was not the expected answer and was not intentionally introduced by the state. "In passing on motions for mistrial the court has a broad discretion, dependent on the circumstances of each case and its ruling thereon will not be disturbed unless manifestly abused, and a mistrial is essential to the preservation of a fair trial." *Calhoun v. State,* 135 Ga. App. 609, 610 (2) (218 SE2d 316). "[W]here illegal testimony is volunteered by a witness in answer to the question asked, and where such answer is ruled out, it is ordinarily not an abuse of discretion to refuse to grant a mistrial." *Jones v. State,* 139 Ga. App. 643, 644-645 (229 SE2d 121). Accord, *Haynes v. State,* 80 Ga. App. 99, 101 (2) (55 SE2d 646); *Flournoy v. State,* 82 Ga. App. 518 (1) (61 SE2d 556); *Fitzgerald v. State,* 82 Ga. App. 521 (2) (61 SE2d 666). A voluntary statement by the witness stands on a different base than answers responsive to matters improperly elicited by the state's attorney. *Payne v. State,* 89 Ga. App. 568, 573 (80 SE2d 93); *Brown v. State,* 118 Ga. App. 617, 621 (165 SE2d 185). In this instance, the answer was completely unexpected. The court and counsel obviously were surprised after they had excused the jury to prevent this from happening. Where the answer was not elicited improperly by the state, we find no abuse of discretion in promptly instructing the jury to disregard and refusing to grant a mistrial. *Flournoy v. State,* 82 Ga. App. 518 (1), supra.

4. As the police arrived at the burglarized premises, defendant was seen standing inside the open back door "looking out at me." Defendant opened the door "just a little more where he could get out and broke and ran." One officer commanded: "Halt," and fired two shots. The officers recognized defendant and called him by name but he ran for some distance until he was apprehended.

Defendant testified that he and his father, since the "first of June, we'd been trying to find out the people in this county that handled these narcotics like cocaine, heroin, speed, barbiturates and I'd been going out and

buying these . . ." He was told by a former girlfriend where he could buy cocaine. She told him to go to a named doctor's office at 3:00 a.m. and meet a man. When he arrived he called the man's name and a person answered, "Yeah, over here." He said he was struck on the back of the head and awoke in a room. When he walked outside somebody said, "Stop, Kelly," and he ran. He heard the shots but continued to run until he recognized the police officer chasing him.

Defendant enumerates as error, that neither he nor his father was permitted to testify as to why he "was going to the office of Dr. [X] to buy cocaine" and "why he had a tape recorder with him and what he was going to do with the tape recorder." Defendant did state that he and his father had been investigating the drug traffic in the county and that he went to that location that night to purchase cocaine. His father testified that he provided his son with "[f]ive twenty-dollar bills" and "a tape recorder." He had recorded "the serial numbers on the money." Thus, defendant did introduce to the jury the substance of his motive for being in the area of the burglarized premises and that he had a tape recorder and marked money.

Defendant apparently contends that his motive for being in the area of the two burglaries to buy cocaine was relevant and material to his defense that he did not commit the burglaries. He has cited no statutory or legal precedent for a defense of "good motive" which would negate any element of the offense of burglary and this court is aware of none which would come within the facts of this case. Generally, motive is not an essential element of any crime unless made so by statute (see 21 AmJur2d 166, Criminal Law, § 85; 22 CJS 107, Criminal Law, § 31 (1); Molnar, Georgia Criminal Law § 1-9), and specifically motive is not an element of burglary. Code § 26-1601. This enumeration is without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED DECEMBER 2, 1976.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,*

for appellant.

*E. Byron Smith, District Attorney, Kenneth Waldrep, Assistant District Attorney,* for appellee.