## 55226. HENDRIX v. THE STATE.

McMURRAY, Judge.

Defendant was indicted and convicted of the offense of aggravated assault and sentenced to serve 10 years. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The evidence discloses that the defendant attacked the victim with a knife, a deadly weapon, after an argument over a sandwich. The victim was severely cut in the fracas. Despite defendant's contentions that he did not provoke the incident and that he did not intend to cut the victim or to cause him great bodily injury, nevertheless that is exactly what happened when he used a knife during the ensuing tussle. He contended he accidentally stabbed the defendant in the fracas, but the jury did not believe his claim of accident. Under the circumstances the evidence was amply sufficient to support the verdict in this instance.

2. At the time of arraignment the trial court after hearing evidence made a determination that the defendant was not entitled to appointed counsel and specifically instructed defendant to procure counsel, although the public defender was appointed to defend him at arraignment. At the time of arraignment the defendant advised the court that he was trying to get the matter settled and "[t]hey were supposed to dismiss it before it got in here." Whereupon the court advised him that he would appoint counsel to represent him today but not for trial

and that if he entered a plea of not guilty for him to employ a lawyer and have him available at the trial. The court advised him, "Don't come up here Monday morning and say you thought your case was dropped or something like that." When the case was called for trial that is exactly what he contended. Defendant advised that he had tried to get a lawyer but it was still his understanding "they wuz gonna squash it here in court if I paid up de cost'uve court and everything." Whereupon the court appointed counsel who had represented him at arraignment to defend him.

Appointed counsel promptly moved for a continuance because he had not had "any contact at all with the defendant since the arraignment." The motion was denied. The fact that the defendant had not been determined to be indigent and had utterly disregarded the trial court's instructions to obtain counsel and had failed to contact his appointed counsel or the trial court thereafter shows clearly that the motion for continuance was a mere dilatory tactic, and the trial court being well aware of all the facts involved did not abuse its discretion. *Pope v. State,* 140 Ga. App. 643 (1) (231 SE2d 549); *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119); *Tootle v. State,* 135 Ga. App. 840, 841 (4) (219 SE2d 492); *West v. State,* 136 Ga. App. 249 (1) (220 SE2d 767); *Harris v. State,* 138 Ga. App. 388, 390 (226 SE2d 462). Further, this was not a complicated case, there being only two witnesses to the actual cutting, the victim and the defendant. There was no allegation that time was needed to interview additional witnesses. The defendant admitted that he had used a knife in the fracas, merely contending it was not deliberately used as a deadly weapon, that he did not intend to cut the victim, and in cutting him it was merely an accident.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED MARCH 7, 1978.

*Joseph C. Kitchings,* for appellant.

*J. Lane Johnston, District Attorney,* for appellee.