## 63679. ROBERTSON v. THE STATE.

McMurray, Presiding Judge.

Defendant, along with others, was indicted for violation of the Georgia Controlled Substances Act in that they did unlawfully possess, with intent to distribute more than one ounce of marijuana (a felony). Defendant was tried separately, the jury returning a verdict of guilty. Defendant appeals. *Held:*

Defendant was represented by retained counsel for approximately three months prior to trial. On the day set for defendant's trial this attorney appeared, prepared to represent defendant, but was discharged at that time by defendant.

The trial court announced, upon the call of the case, that defendant had indicated he would represent himself, being unable to obtain the services of another attorney who was on trial in another court. From our review of the transcript we note that such election by defendant was clearly reluctant, defendant stating, "Yes, sir. I don't want to but I don't have no choice." The trial court denied any continuance and refused to appoint counsel upon defendant's request. The selection of the jury then took place, opening statements were made and a lunch recess was observed.

Since in our view each case rests upon its own peculiar set of facts we deem it appropriate to set forth the following from the transcript of the case sub judice which took place after the lunch recess:

"The Court: You're not indigent under the law and you fired your attorney that you had hired to represent you, to come here and represent you this morning. I'm not going to appoint you an attorney. You're not entitled to a court appointed attorney. You will have to represent yourself or get Mr. . . . [the first retained counsel] to come

back and represent you. I understand he was willing to come back if you so desire.

"Mr. Robertson [defendant]: I just left his office and he's not in.

"Mr. Bradley [assistant district attorney]: Your Honor, please, might I ask the court to put it on the record that the court offered to call Mr. . . . [the first retained counsel] back to help him and he refused. Might I also request that Your Honor conduct a hearing at this time to ascertain that he is competent to represent himself.

"The Court: This man has been tried by the Court three times — two or three times before. He's competent to represent himself. It's not the first time for him to be in court.

"Mr. Robertson: Well, after I had, you know, I just hated to go back to him. I prefer Mr . . . [whom defendant had talked to about representing him].

"The Court: If you need Mr. . . [the first retained counsel], I'll call him over here to sit with you. Though you fired him, I understand he's still willing to sit with you and give you any advice if you want to try the case yourself.

"Mr. Robertson: If I could get him back over here. He's not in right now. I couldn't ask him my own self.

"The Court: Mr. Robertson, I just had my secretary contact his office and Mr . . . [the first retained counsel] has gone to lunch and they don't know when he will be back. All right. Are you ready to begin?

"Mr. Robertson: I don't have any other choice.

"The Court: All right. Previously you said you didn't want him today when I offered to have him come sit with you. So, he's not available now. They can't locate him, so we will begin the trial of the case.

"Mr. Robertson: I talked to Mr . . . [whom defendant had talked to about representing him]. That lady told me that he might would get out of court by noon and maybe he could get here. He's got another one scheduled for 2:00 with someone else.

"The Court: All right. Bring the jury in. We'll start the trial."

The trial was completed with defendant at all times representing himself.

"A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. Gideon v. Wainwright, 372 U. S. 335. This right attaches at the pleading stage of the criminal process, Rice v. Olson, 324 U. S. 786, and may be waived only by voluntary and knowing action. Johnson v. Zerbst, 304 U. S. 458; Carnley v. Cochran, 369 U. S. 506. Waiver will not be 'lightly presumed,' and a trial judge must 'indulge every reasonable presumption against waiver.' Johnson, supra, at 464." Boyd v.

Dutton, 405 U. S. 1 (92 SC 759, 30 LE2d 755). The record shows conclusively that defendant made no voluntary waiver of counsel and that after he had discharged his retained counsel his attempts to acquire other counsel, obtain the return of his discharged counsel (through the assistance of the trial court) or acquire appointed counsel were all unsuccessful. After the discharge of his retained counsel defendant was clearly unable to acquire counsel prior to the trial of his case.

The record discloses no explanation for the defendant's decision to discharge his retained counsel who had represented him for several months prior to trial. Defendant seeks to assert the constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel, citing *Burney v. State,* 244 Ga. 33, 35 (1) (257 SE2d 543). Defendant thus argues that the trial court erred in failing to delay the trial long enough to allow him to retain the services of an attorney with whom the defendant had had some communications on the eve of the trial.

In response, the state relies upon those cases which hold that a defendant will not be allowed to use discharge of counsel and employment of another as a dilatory tactic in requesting a continuance. See in this regard *Pope v. State,* 140 Ga. App. 643, 644 (2) (231 SE2d 549); *Harris v. State,* 138 Ga. App. 388, 390 (2) (226 SE2d 462); *West v. State,* 136 Ga. App. 249 (1) (220 SE2d 767); *Tootle v. State,* 135 Ga. App. 840, 841 (5) (219 SE2d 492). The state also relies upon the proposition that the right to be represented by a particular attorney is not absolute when it would unduly delay and require the adjournment of a trial. *Fleming v. State,* 246 Ga. 90, 94 (2) (270 SE2d 185).

Further, we note that the defendant presented testimony during the trial of the case that "Mr . . . [the first retained counsel] was off for the weekend and he didn't get back until yesterday evening and I couldn't contact him and I contacted Mr . . . [whom defendant had talked to about representing him]. And he told me, said I called your office and talked to your secretary and I was not on the calendar. When he called me back it was 10:00 last night and he said, well, you go on down there anyway. And, I said okay, I'll be there. He said but I'll see you after you leave from over there, come down to my office. And, I've tried to reach him this morning and he's in Fulton County Court." The state presented no evidence in rebuttal of this testimony, suggesting that the defendant's lack of an attorney on the trial date resulted from a reasonable misunderstanding between himself and the new counsel whom defendant sought to retain.

In *Clarke v. Zant,* 247 Ga. 194, 197 (275 SE2d 49) (1981), a habeas corpus case in which that defendant had chosen to represent himself

at trial, the Supreme Court held "that in future cases, the record should reflect a finding on the part of the trial court that the defendant has validly chosen to proceed pro se. The record should also show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." The case sub judice is not one of those instances where a defendant declines to permit appointed counsel to represent him and chooses to represent himself, but one in which this defendant stated he didn't "have no choice" but to represent himself.

Under the facts and circumstances of the case sub judice, the record and transcript failing to show any voluntary and knowing waiver by defendant of his right to counsel, and defendant having been forced to trial without counsel, we must hold that such action was reversible error. However, we do not by this decision endorse the defendant's position that a continuance was mandated when requested by defendant. Such a continuance would have been one alternative for handling the situation available to the trial court. Another alternative such as used by the trial court in *Standridge v. State,* 158 Ga. App. 482, 483-484 (2) (280 SE2d 850), and *Harris v. State,* 138 Ga. App. 388, 390 (2), supra, would be to appoint other counsel or his former retained counsel as counsel for defendant and continue with the trial, particularly if the lack of counsel for defendant appeared to be a dilatory tactic created by defendant and intended only to create delay.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED JULY 8, 1982.

*K. Van Banke,* for appellant.
*Robert E. Keller, District Attorney, Keith C. Martin,* Assistant District Attorney, for appellee.